BENNETT et al. v. McLAUGHLIN.

(Supreme Court, Appellate Division, Second Department.   March 6, 1908.)

1. WILLS—CONSTRUCTION—FEE SIMPLE.

A will gave all testator's property, after paying debts, to his wife, with power to sell all or any of it as she might deem proper and for the best interest of their children, and if anything were left the testator expressed a desire that she should divide it between the children as she in her good judgment should consider just and fair. *Held*, that the devise to the wife was in fee, and the later words did not cut it down to a life estate, nor make her the trustee of the children.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1340–1350.]

2. SAME—CONDITIONS.

The expression of the testator's wish that, if anything were left, she should divide it among the children, did not annex a condition to the devise that, if the devisee did not dispose of the property by deed, it should go to the children on her death.

3. SAME—LATER INCONSISTENT PROVISIONS.

Where a will devises a fee simple, later words in the will do not cut it down, unless they manifest a clear intention to do so. The raising of a mere doubt on the question is not sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1340–1350.]

Appeal from Trial Term, Westchester County.

Action in ejectment by Mary J. Bennett and others against Andrew McLaughlin. Judgment (103 N. Y. Supp. 256) for defendant, and plaintiffs appeal. Affirmed.

The action is in ejectment. The plaintiffs are the heirs at law of their father, John Murphy, who left a will devising his property as follows:

"After all my lawful debts are paid and discharged, I give, devise and bequeath to Ann Murphy my wife for her industry and good management of our domestic affairs all my property both real and personal of all and every kind wherever the same may be and all and every kind of interest claim or demand which I now have or may hereafter have or may arise after my decease and I desire that my said wife at my decease shall take my place and shall have the right to sell and dispose of all or any of my real or personal estate as she may deem proper and for the best interest of our children and lastly if anything is left, it is my desire that she shall divide the same between our children as she in her good judgment may consider just and fair."

The said wife left a will devising the land in question to the defendant.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

W. Tazewell Fox, for appellants.
James Dempsey, for respondent.

GAYNOR, J.   The devise to the wife was in fee.   It is in clear terms, and the later words do not cut it down.   They could not do so unless they manifest that clear intention.   It would not suffice that they raise a doubt on the question.   The later words of the right of the wife to sell "as she may deem proper and for the best interests of the children," do not reduce her estate to one for life or make her the trustee of the children.   The expression of the testator's wish that if anything be left that she shall divide it among the children does not annex a condition to the devise that if

the devisee do not dispose of the property by deed of conveyance it shall go to the children on her death. The words fall much short thereof. Campbell v. Beaumont, 91 N. Y. 465; Banzer v. Banzer, 156 N. Y. 429, 51 N. E. 291; Foose v. Whitmore, 82 N. Y. 405, 37 Am. Rep. 572; Post v. Moore, 181 N. Y. 15, 73 N. E. 482, 106 Am. St. Rep. 495.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.