PETERS et al. v. PETERS.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. PARTNERSHIP (§ 327*) — ACCOUNTING — ACTIONS—ALLEGATIONS—EXISTENCE OF PARTNERSHIP.

The complaint alleged that the father of the parties conducted a business, and in 1876 turned the business over to other members of the family under their mother's management; that she gave the eldest son money of their father with which to purchase realty, the title being taken in such son's name, but to be held for his brothers and sisters; that the business was subsequently conducted by all of the family, sharing the losses and profits; that on the father's death intestate the members of the family agreed to continue the same arrangement; that shortly before his death the eldest brother told defendant that the latter should hold the real estate and business in his name for the rest of the family, and that they should continue the existing arrangement, to which all parties consented; that the eldest brother devised all his property to defendant, intending him to hold the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

legal title for the surviving members, so that the business could be conducted as before; that the surviving members purchased the property in controversy with money earned by their common enterprises, and with the proceeds of the property purchased in the name of the eldest son, and took title in defendant's name. *Held*, that the complaint alleged a copartnership by the brothers and sisters for the continuance of the business, the eldest brother holding legal title to the property, and that he, for convenience, devised the property to defendant to hold for the copartners, and that the property in controversy was purchased with partnership funds, though title was taken in defendant's name, and that defendant could not claim the beneficial ownership of such property.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 327.*]

2. TRUSTS (§ 371*)—TESTAMENTARY TRUSTS.

Irrespective of the allegations of a partnership, the complaint sufficiently alleged an implied promise by defendant by acquiescence to hold the property for the purposes for which it was devised to him, so as to charge him with it as trust property, in view of the rule that, where one induces another to make an absolute devise to him by an express or implied promise to devote the property to a certain purpose, equity will compel him to apply it to such purpose.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 371.*]

Appeal from Special Term, New York County.

Action by Amelia Peters and others against William H. Peters. From an interlocutory judgment sustaining a demurrer to part of the complaint, plaintiffs appeal. Reversed, and demurrer overruled, as to one cause of action, and sustained, with leave to amend, as to another cause of action.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, and LAUGHLIN, JJ.

Asa L. Carter, for appellants.
Robert H. Hibbard, for respondent.

MILLER, J. This complaint contains a jumble of evidentiary facts and inferences; but I think that the ultimate facts, necessary to sustain a cause of action, may be spelled out of the first cause of action attempted to be pleaded. The parties are brothers and sisters, the only surviving members of the family. It is averred, among other things, that prior to 1876 the father conducted a general livery and stable business; that in that year, being in failing health, he turned the conduct of the business over to the other members of the family under the management of the mother; that she gave the oldest brother, from the common savings, most of which belonged to the father, $1,500 with which to purchase certain real property; that said property was so purchased, the title being taken in the name of said son, pursuant to an understanding that it should be held by him for the benefit of his brothers and sisters; that thereafter the said business was conducted on said property, thus purchased, by all the members of the family, each contributing to the common enterprise, and all sharing profits and losses equally; that the father died intestate, February 3, 1894, leaving five children him surviving; that no letters of administration were taken out by them, but that they mutually agreed to continue the business, sharing the profits and

losses equally; that the oldest brother, John George Peters, in whose name the title to the property stood, died on or about the 20th day of September, 1894; that shortly prior thereto he told the defendant, William H. Peters, that there was not enough property to divide, and that the latter must hold the real estate and business in his name for the benefit of the remaining members of the family, and that they must continue to share the profits and losses as theretofore; that said defendant and the other members of the family consented to that arrangement; that shortly thereafter the said John George Peters made his will, leaving all his property, both real and personal, to the said defendant, intending thereby that he should have the legal title, and should hold it for the benefit of all the surviving members of the family, so that the business could be conducted as theretofore; that the surviving members of the family continued to conduct the business as theretofore, sharing profits and losses equally; that in the year 1895 the said survivors purchased the property in suit for the purpose of keeping and renting the same for profit, paying therefor with money earned by them in their common enterprises and with the proceeds arising from the sale of the property first above mentioned, the title to said property being taken in the name of the said defendant; that shortly before the commencement of this action the said defendant asserted that he was the beneficial owner of said property, and has since refused to account for the proceeds therefrom. Among the 17 prayers for relief, the plaintiffs ask that the copartnership be dissolved, that a receiver be appointed, that the said defendant be required to account, and that the plaintiffs be decreed to be the equitable owners, each, of one-quarter of the property in suit.

I think the necessary inferences from the foregoing statement of facts are that, upon the death of the father, the brothers and sisters agreed to, and did, form a copartnership to continue the business, theretofore conducted by all as members of a family, if not of a copartnership, agreeing to share profits and losses equally; that thereafter the business was continued by them, pursuant to that agreement, as copartners, the oldest brother holding the legal title to the copartnership property, but asserting no beneficial ownership in himself; that for the purpose of convenience he devised the property to the next oldest brother, to be held by him in the same way, pursuant to the agreement of all the copartners; and that the property in suit was purchased by the copartnership with the copartnership property, legal title being taken in the name of the defendant. It is immaterial that the legal title to the copartnership property happened to be in one of the partners; and it seems to me that it is immaterial whether he happened to obtain it by devise or by grant. Indeed, the title to the property in suit was obtained by grant. It is unnecessary to determine whether the oldest brother could have successfully asserted beneficial ownership, because he did not do so. The defendant is in the position of having obtained property for a copartnership with copartnership funds, and of now asserting that he is the beneficial owner. Authorities are not needed to show that he cannot do that. It is true that it is nowhere distinctly alleged that an agreement was

made to form a copartnership; but I think that is the necessary inference.

The second cause of action does specifically allege the formation of a copartnership on the 21st day of September, 1904; but it may be important for the plaintiffs to rely upon a copartnership existing prior thereto. Moreover, eliminating the idea of a copartnership, from the facts pleaded, equity would construct a trust. It is now settled law in this state that, when one induces a testator to make to him an apparently absolute devise or bequest by a promise, express or implied, on his part, to devote the devise or bequest to a certain purpose, equity will compel him to apply the property thus obtained in accordance with his promise. Matter of O'Hara's Will, 95 N. Y. 403, 47 Am. Rep. 53; Amherst College v. Ritch, 151 N. Y. 282, 45 N. E. 876, 37 L. R. A. 305; Edson v. Bartow, 154 N. Y. 199, 48 N. E. 541; Rutherford v. Carpenter, 134 App. Div. 881, 119 N. Y. Supp. 790, decided December 3, 1909. True, it is not distinctly alleged that the said John George Peters was induced to devise his property to the said defendant by the latter's promise to hold it for the benefit of the surviving members of the family; but the cases above cited hold that silent acquiescence may have the effect of an express promise. The purpose of the testator in making the will, the defendant's assent to that purpose, and the subsequent making of the will to carry out that purpose are alleged.

The demurrer to the third cause of action was properly sustained as it is unintelligible.

The judgment should be reversed, in so far as it sustains the demurrer to the first cause of action, and the demurrer to that cause of action should be overruled, with leave to defendant to withdraw demurrer and answer within 20 days after service of the order of this court, and the judgment, so far as it sustains the third cause of action, affirmed, with leave to the plaintiff to amend the complaint in relation to the third cause of action within a like period, without costs of this appeal to either party. All concur.