In the Matter of the Estate of MICHAEL MUNK, Deceased.

Surrogate's Court, New York County, March 1, 1947.

*Raphael L. Elias* for Frederick Fried and another, as executors, petitioners.

*Isidore Siegeltuch* for Paul Deutsch, respondent.

*Joseph Keilson* for Irma Kreisler and others, respondents.

*Julius Kahn* for Pan-Atlantic, Inc., respondent.

*Sirol Katz* for Madislav Munk, respondent.

*Scribner & Miller* for Walter Lamm, respondent.

COLLINS, S. The decedent executed his will on May 18, 1944. The principal objects of his bounty were his sisters, who resided in eastern Europe, with whom the decedent had not been able to maintain communication due to the war. The decedent did not know whether any of his sisters or their children would survive the ravages of war. Apparently, he wished to avoid complications that might arise in administration of the estate where foreign nationals were vested with an interest. Accordingly, he employed the device of giving his entire residuary estate to a nephew who was to be the legatee in name only and who was to devote the property to the purposes stated by the decedent. In the will he named as the residuary legatee a nephew, Paul Deutsch, and in the event that this nephew did not survive him, he named another nephew, Louis Sabo.

On the same day that the will was executed, each of the two named nephews executed a letter addressed to the decedent. The letters were identical in text. In his letter the respondent Deutsch stated that he had been informed that he was named as residuary legatee in the will and that the decedent had explained to him that it was the decedent's wish that he should pay over any money that he might receive from the estate " to your sisters, or if any of them are not then living, to their children, so that each sister and the children of any predeceased sister should receive equal shares, per stirpes and not per capita." The letter recited alternative dispositions to be made in the event that no sister or children of any sister survived. The letter continued: " In each instance, the date of your death is to be the date determining whether the above-named people are living.

" I agree to hold any money that I might receive from your estate in trust for the above-named persons, and I understand that you have named me as your residuary legatee only because of conditions today. I understand that I am to retain the sum of $2,000.00 out of any money that I may receive from your estate.''

Two of the sisters and the son of a deceased sister have appeared in this accounting proceeding by their attorney in fact. They request that the decree to be entered herein direct the executors to pay to respondent Deutsch the sum of $2,000, and to pay the balance of the residuary estate to them as the surviving sisters and the only child of a deceased sister of the decedent.

The rule is firmly established that where one obtains a bequest or devise of property upon his promise to devote it to the use of persons who would otherwise be objects of the testator's bounty, a constructive trust is created and a court of equity will compel him to apply the property in accordance with his promise. (*Amherst College* v. *Ritch,* 151 N. Y. 282; *Matter of O'Hara,* 95 N. Y. 403; *Edson* v. *Bartow,* 154 N. Y. 199, 215, 219; *Matter of Buehler,* 186 Misc. 306, 313; *Golland* v. *Golland,* 84 Misc. 299, 306; 4 Pomeroy's Equity Jurisprudence [5th ed.], § 1054; 1 Scott on Trusts, § 55; Restatement, Trusts, § 55.) The respondent contends, however, that the request of the beneficiaries is premature and that a court of equity may not act in respect of the funds until the residuary estate has been paid over to him and he should then refuse to use it in accordance with his promise to the decedent or he should then convert it to his own use. He contends that up to now he has not disclaimed his obligation and has not refused to use the fund in the manner directed by the decedent.

A court of equity need not wait until the fund has been turned over to the respondent and an express repudiation made by him. Testimony was offered by the executors which tended to show that the respondent might not recognize his obligation in full. In addition, he filed an answer in this proceeding in which he denied the execution of the letter at or about the time of the execution of the will. He alleged further that as an inducement and condition for his signing the letter, the decedent agreed that a $5,000 policy of life insurance then in force and payable to the respondent would be continued in force and would remain payable to him and that the decedent violated his promise by changing the beneficiary of the policy.

At the hearing the respondent conceded the execution of the letter which bears the same date as the will. No testimony was offered by him in respect of any inducement or condition for signing the letter.

The only obligation imposed upon the respondent was to hold the funds until he could ascertain which of the beneficiaries survived the decedent and then to pay over to each his or her respective share. Under present conditions free and full investigation is open to all parties. Two sisters and a nephew have appeared in this proceeding. The respondent could perform no function except to act as a conduit between the executors and the beneficiaries. His position is analogous to that of a trustee of a passive trust. (Cf. *Jacoby* v. *Jacoby,* 188 N. Y. 124.) Under such circumstances a court of equity is not compelled to withhold its aid until there has been an actual repudiation of the obligation or disagreement as to its extent. The parties have once litigated the issues. The beneficiaries desire payment of the gifts without further litigation. Direct payment by the executors will effectuate the purpose and intent of the deceased, expedite distribution and obviate further litigation.

The need for the intervention of equity to avoid further disputes between the parties becomes apparent in the pending application of the respondent Deutsch to remove the executors and to stay them from substituting attorneys in a stockholders' suit initiated by the executors. The respondent Deutsch believes that the suit should be prosecuted and by an attorney selected by him, while the executors and the attorneys for the sister and nephew favor an entirely different program. It is asserted that if the respondent is paid in full as a legatee and has no further interest in the estate, the various issues remaining in the accounting proceeding will be disposed of promptly.

The court accordingly holds that the respondent Deutsch is entitled to receive the sum of $2,000 and that upon payment of such sum he will be fully discharged of his obligations and will have no further interest in the estate. An intermediate decree may be submitted on notice accordingly.

Unless disposition of the other issues raised in the accounting proceeding is made by agreement of the parties, such issues will be heard on the 20th day of March, 1947, at 10:30 A.M.

Proceed accordingly.