Collins, S.
This proceeding is brought for the judicial settlement of the account of the sole surviving executor under testator’s will and the account of the deceased executrix, testator’s widow. The petition requests a determination of the validity and effect of the sixth article of the will. That article reads: ‘ ‘ Article VI. I give, devise and bequeath one-sixth (l/6th) of the remaining one-half of said rest, residue and remainder of my estate to my friend George Frankenthaler and to Henry Kohn, an attorney now of 120 Broadway, New York City, and if either of them shall not be living at the time of my decease, then to the survivor. It is my wish and desire that the beneficiary of the bequest contained in this Article VT hereof shall follow the instructions to be contained in a letter to be signed by me giving instructions with reference to the disposition of said bequest.”
Annexed to the petition herein as an exhibit is a letter addressed by testator to the legatees named in the sixth article of his will. This letter states testator’s desire that the net proceeds received by the legatees under that article be turned over to one Janet Davis. The petition recites that two payments on account of the legacy were made by the executors to the legatees and that the checks for such payments were indorsed promptly by the legatees and delivered to Janet Davis. These payments were made while testator’s widow was serving as executrix and such payments to the legatees were reported in the prior accounting of the executors which was" settled by decree dated April 20, 1954. Subsequent to such payments a question arose as to the validity of the sixth article and for that reason further payment to the legatees has been withheld pending the adjudication that is requested in this proceeding as to the validity and effect of the will.
The initial step in the determination of both the validity of the sixth article and the ultimate disposition of the fund therein referred to is the construction of the language used by testator in that article. If that language is expressive of an intention to make an absolute gift to the legatees named in the will, inquiry may then be made as to any operative effect testator’s letter may have upon the legacy after it reaches the hands of *196 the legatees. Such an inquiry would not be a construction or interpretation of the will but its purpose would be to determine whether or not the letter would have any legal effect outside the will. If, on the other hand, the testamentary provision contains a mandatory direction that the legacy be disposed of in accordance with instructions in testator’s letter then, despite testator’s direction, the letter may not be employed to supplement the will. In the latter instance the entire testamentary provision would be invalid and testator’s purpose would wholly fail for the obvious reason that the true legatee is neither named nor identified in the will and recourse may not be had to a nontestamentary paper to provide a disposition omitted from the will.
A proper analysis of the problem requires that the issue be approached by examination of the will alone. The validity of that instrument rests entirely upon its own text and it can neither be validated nor invalidated by an extraneous instrument. Consideration and discussion of both the will and the letter at the same time not merely confuses the issue but is a wholly mistaken method of attacking the problem which must lead to an erroneous result. The first question is the meaning of the will unaffected and uninfluenced by any nontestamentary writing. It is obvious that such a writing cannot correct a deficiency in the will and it is equally obvious that such a writing cannot be availed of to ascertain the purpose of the will or to distort an intention expressed in the will.
The first sentence of the sixth article clearly provides an outright bequest. Standing alone this sentence is a complete expression of an absolute gift unfettered and unembellished. The second sentence states testator’s “wish and desire ” that the legatees follow a letter of instructions. It is only because the words wish and desire have been the subject of considerable judicial consideration in the wills of other testators that a shadow of speculation is cast upon the clearly stated legacy. A leading case concerned with the construction of the words employed by this testator is Post v. Moore (181 N. Y. 15) where the court reached the conclusion that a legacy to an executrix with the “ wish and desire ” (p. 17) that she pay sums annually to testator’s sister-in-law was an absolute legacy and the payment of any amount to the sister-in-law rested in the discretion of the legatee-executrix. The court quoted from Redfield on Wills wherein the author said (p. 19): “ There is scarcely one man in a thousand who would, in such cases, use any such indefinite and optional forms of expression toward those whom *197 he expected to assume a binding duty and obligation to others in regard to the corpus or the income of the bequest. He uses such precatory words, because he desires to leave it to the discretion of the donee, and if he intended to control that discretion, he would adopt very different language. So that, probably, in nine cases out of ten, where the courts have raised a trust out of such mere words of wish and exhortation, it has been done contrary to the expectation of the testator, and more out of regard to the moral, than the legal duty, of the donee.” Post v. Moore has been followed in many cases involving the words wish and desire (e.g., Matter of Barney, 207 App. Div. 25, affd. 239 N. Y. 584; Matter of Johnston, 277 App. Div. 239; Bennett v. McLaughlin, 125 App. Div. 172; Matter of Burch, 152 Misc. 387, affd. 243 App. Div. 663; Matter of Scott, 165 Misc. 480; Matter of Darling, 14 N. Y. S. 2d 891; Matter of Goudy, 24 N. Y. S. 2d 585, and Matter of Penfield, 65 N. Y. S. 2d 574). There are decisions reaching different conclusions but important in those cases was the context in which the words appeared as well as other circumstances indicative of a testamentary intent. Discernible in many of these cases is the effort of a court to enforce a repudiated moral obligation. The latter judicial attitude is emphasized in the above quotation from Redfield but this court has no occasion to take that approach since it is not confronted with a situation where legatees have repudiated a moral duty but, instead, they have complied with testator’s wishes and have followed his extratestamentary instructions in respect of all payments made to them. Furthermore, in this case the construction of testator’s words as mandatory would not be an enforcement of a testamentary purpose, but, on the contrary, would result in the invalidation of the entire testamentary provision. Here construction of testator’s language as precatory is essential to the accomplishment of his wishes and is the only means of imposing a subsequent legal obligation requiring the legatees to carry out those wishes. The problem of construing testamentary words as mandatory or precatory was present in Matter of Hayes (263 N. Y. 219) where it was said that any doubt should be resolved in a manner to sustain the validity of a will (p. 228).
A well-recognized rule of will construction is found in Tillman v. Ogren (227 N. Y. 495, 505) in the statement: “ Where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show equally clear intention to do so by use of words definite in their meaning and by expressions which must be regarded as impera *198 tive. (Clay v. Wood, 153 N. Y. 134; Matter of Gardner, 140 N. Y. 122; Roseboom v. Roseboom, 81 N. Y. 356; Post v. Moore, 181 N. Y. 15.) ” It seems apparent that in an instrument as skillfully drawn as this will the words wish and desire would not have been employed to impose a legally enforcible obligation. This is particularly so when such precatory words follow a clear statement of absolute gift. The conclusion is reached that testator intended to make an outright gift to the legatees and that the later precatory expression imposes no testamentary condition or limitation upon the legacy.
There is a line of decisions concerned with indefinite gifts to fiduciaries, as such, but these decisions are inapplicable here. A leading case of this type is Forster v. Winfield (142 N. Y. 327) which was followed in Christman v. Roesch (132 App. Div. 22, affd. 198 N. Y. 538) and Matter of Lehmaier (183 Misc. 592) among other cases. The fundamental basis for the decision in each of these cases was that the testamentary gift was to executors, eo nomine. In Forster v. Winfield, the court referring to the devisees under the will, said (p. 333): “ All the language used relates to them as executors, and to them only in their official capacity.” In Christman v. Roesch there was not only a gift to the executor, as such, but there also was in the mind of the court a firm suspicion of fraud in the drafting of the will. In the Lehmaier case the court stressed the fact that the testator dealt with his executors as his estate representatives and that he expected them to act as a board of executors and not as individuals. The controlling factor in each of the foregoing cases was the gift to the estate fiduciary. That most significant fact does not exist in the case at bar. The executors nominated in this testator’s will were his widow, William 0. Nettleship and George Frankenthaler. The legacy under the sixth article is not to those persons. The gift contains no reference to either the widow or William C. Nettleship and names George Frankenthaler not as an executor but as a friend. The other legatee, Henry Kohn, is not an executor. The fact that one of the legatees named in the sixth article also received a bequest under another article of the will does not affect the construction of either article for the obvious reason that in neither bequest was the legatee referred to as an executor under the will.
The holding in Reynolds v. Reynolds (224 N. Y. 429) also has been cited as applicable to the issue herein but a reading of that case discloses a wholly different fact situation. In the cited case the gift was not to a named individual but to the “ exec» *199 tor ” in Ms official capacity. More important was the fact that the gift was explicitly stated to be “in trust”, and, consequently, not a beneficial gift to the executor. In that case the disposition failed because the testator attempted to create a testamentary trust but omitted the designations of either the beneficiaries of the trust or its terms. A quite similar situation was before this court in Matter of Brown (122 N. Y. S. 2d 640) where there also was an explicit attempt to create a trust but an omission of the essential trust provisions. These decisions and other cases involving gifts “ in trust ” have no relevancy to the issue at bar.
The text of testator’s letter of instructions has not been considered in the foregoing construction of his will inasmuch as that nontestamentary paper cannot affect any disposition of property pursuant to the will. However, that letter is not to be disregarded. It constitutes evidence of testator’s reliance upon the legatees named in the sixth article to comply with his request upon receipt of the legacy. Matter of O’Hara (95 N. Y. 403) is a case in point. There the testatrix bequeathed her residuary estate to persons who were her executors and she executed a letter contemporaneous with the will directing that the legatees apply the estate to certain charitable purposes. It was held that under the will the residuary legacy was an absolute and unconditional gift but, as evidenced by the letter of instructions, testatrix’ purpose was not to confer upon the legatees the beneficial use of the property but instead to devote it to charitable uses. The court said that even in the absence of an express promise on the part of the legatees their silent acquiescence in permitting the testator to make a bequest to them to be applied for the benefit of others had all the force and effect of an affirmative promise that would be enforcible to accomplish a valid purpose. The unfortunate fact in the 0 ’Hara case was that the charitable uses intended by the testatrix were in violation of the Statute of Perpetuities then in effect and, solely for that reason, the purpose of the testatrix could not be effectuated. However, the applicable rule as to the enforcement of such a promise was stated as follows (p. 413): “If, therefore, in her letter of instructions, the testatrix had named some certain and definite beneficiary, capable of taking the provision intended, the law would fasten upon the legatee a trust for such beneficiary and enforce it, if needed, on the ground of fraud. Equity acts in such case not because of a trust declared by the testator, but because of the fraud of the legatee. For Mm not *200 to carry out the promise by which alone he procured the devise and bequest, is to perpetrate a fraud upon the devisor which equity will not endure. The authorities on this point are numerous. ’ ’
The O’Hara opinion also considered the question of admissibility of extrinsic evidence, either in the form of parol testimony or an unattested paper, and pointed to a long precedent originating in English cases to the effect that the admission of such evidence violated neither the Statute of Frauds nor the Statute of Wills for the reason that the testamentary disposition was left untouched and actually operated to pass the property to the legatee even though from that point on the law forced the legatee to fulfill his agreement by raising a trust from the facts. While any agreement to apply a legacy in accordance with a testator’s wishes expressed dehors the will is enforced on a theory of unjust enrichment, the court pointed out in its decision that the legatees practiced no fraud and that there was no repudiation of their promise or its honorable obligation (pp. 412, 414). In the case at bar it also must be stressed that no act of the legatees is even suggestive of a repudiation of any moral or legal duty.
The rule in the O’Hara decision has been enforced in many cases involving facts similar to those here existing. A leading case is Amherst College v. Ritch (151 N. Y. 282) and other cases recognizing the rule in connection with testamentary dispositions are Fairchild v. Edson (154 N. Y. 199); Latham v. Father Divine (299 N. Y. 22, 27); Matter of Keleman (126 N. Y. 73); Reynolds v. Reynolds (224 N. Y. 429, supra); Seaver v. Ransom (224 N. Y. 233); Rutherfurd v. Carpenter (134 App. Div. 881); Peters v. Peters (137 App. Div. 635); Matter of Buehler (186 Misc. 306, affd. 272 App. Div. 757); Matter of Lehmaier (183 Misc. 592, supra), and Marine Midland Trust Co. v. McGowan (223 F. 2d 408). The rule also applies to nontestamentary transactions (Piper v. Hoard, 107 N. Y. 73; Hirsh v. Auer, 146 N. Y. 13; Ahrens v. Jones, 169 N. Y. 555). While some of the early decisions raised a question as to the equitable powers of the Surrogate (cf. Matter of Keleman, 126 N. Y. 73, supra) there would seem to be no doubt of this court’s jurisdiction in this accounting proceeding to make a determination declarative of a trust (Matter of Raymond v. Davis, 248 N. Y. 67; Matter of Buehler, 186 Misc. 306, affd. 272 App. Div. 757, supra; Matter of Munk, 189 Misc. 206; Matter of Hearn, 158 Misc. 370; Matter of Fitzpatrick, 17 N. Y. S. 2d 280).
Accordingly it is held that the legatees named in the sixth article of testator’s will are to receive the legacy as trustees of *201 a constructive trust for the benefit of Janet Davis and any payment to the legatees under that article is to be delivered over to said Janet Davis.
Objection first in the answer of Janet Davis is overruled and dismissed. It is found in this opinion that Henrietta Jacobs, Abe Lee Beerman and Bernard Beerman, intestate distributees of decedent, have no status to object to the account and, accordingly, their objections to the account are dismissed and their request for additional time within which to file further objections is denied. The special guardian’s wards, who are residuary legatees but not distributees of testator, have no interest in the fund disposed of by the sixth article of the will irrespective of the validity or invalidity of that provision. The infants do not take under the sixth article and were that disposition to be found invalid the fraction of the residuary estate there mentioned would pass as intestate property of testator (Wright v. Wright, 225 N. Y. 329). For these reasons the request of the special guardian for additional time within which to file objections relating to the bequest under the sixth article of the will is denied. The time within which the special guardian may file objections pertaining to other matters in the account and the time within which the Attorney-General of the State of New York may file objections to the account is extended for a period of ten days from the date of this decision. Upon the expiration of such time a date will be fixed for the hearing of all objections not ruled upon herein.
Proceed accordingly.