Johh F. Doyle, S.
Helen S. Van Ness died on the 19th day of January, 1958. After her death two wills were filed, one dated June 18, 1956 and the second, a holographic will, dated May 31,, 1957. While proponent has offered each of the wills, it is contended that the holographic will should not be admitted to *978 probate for various reasons. The wills are similar in their donative provisions, the principal difference being that the holographic does not designate an executor and some additional bequests are contained therein.
Joan Curtin, one of the legatees under the holographic, may forfeit a $2,000 bequest as she witnessed the paper and has testified in this proceeding. Under the earlier will she receives a similar bequest and her interest might be construed as adverse to probate of the later will. I am convinced, however, that she was entirely truthful in her testimony and to the best of her ability she has described what took place at the time she signed the instrument.
After the donative clauses in the holographic will appears the following:
“ I Helen S. Van Ness revoke all other Wills made by me.
Signed 1 — Eva Halchak, Watervliet, N. Y.
2 — Joan E. Curtin, Waterford, N. Y. ”
Eva Halchak testified that she did not see a signature, nor was she advised by the testatrix of her subscription to the instrument. She was vague as to the nature of the instrument which she was being called upon to witness. She recollects that the testatrix during her visit told her that she was changing her will, but it seems she did not advise her that the instrument she signed was her will and that she was to witness the signature of testatrix thereon. She was requested to sign a folded paper at a point indicated by testatrix and did so. The witness made no attempt to read the open portion containing her signature but simply signed as requested. The grouping of the signature and other words, all in the same handwriting, in a running sentence makes her failure to observe the signature understandable.
The second witness, Joan Curtin, testified that the decedent advised her she was changing her will and wanted her to act as a witness. She observed and recognized decedent’s name in the instrument and decedent may have said that she signed it. Both witnesses were friends of the decedent and were in the habit of visiting her at frequent intervals. They did not sign in each other’s presence, were never together at decedent’s home, and did not know each other prior to the time of their appearance in court. At different times each had heard the testatrix speak of the other.
While I am not unaware that the standards of proof required are somewhat relaxed in holographic wills, I feel that in the *979 absence of an attestation clause, there has been a failure by decedent to acknowledge her subscription, if in fact it were intended as such, or to publish this will in the required manner.
The second question for determination is whether there has been a subscription to the will as required by statute. It is obvious that the subscription does not appear at the end of the will and the court is powerless to give effect to the revoking clause which follows the subscription. The writing in the will which follows decedent’s name cannot be dissociated from the remainder and must be read in conjunction with the entire instrument in order to give the force and effect intended by decedent. If we dissociate the portion which follows decedent’s name, the will does not revoke the instrument of June 18,1956 and it is apparent decedent intended to do so.
If the holographic will is stripped of the revocation clause the earlier will would be entitled to probate as well as the holographic will and the two instruments, read together and interpreted by the court in accordance with established rules, would determine the disposition of testatrix’ estate. This is not what she contemplated. Inasmuch as her intentions, contained in the holographic will, are in part defeated by invalidation of the revoking clause, the instrument fails as a will and probate must be denied.
Decree accordingly.