Joseph A. Cox, S.
Article third of testatrix’ will purports to dispose of tangible personal property. The executors have petitioned for a construction of this article, one daughter of the testatrix has petitioned to obtain payment of a general legacy and to compel distribution of the property referred to in article third of the will, and the committee of an incompetent joins in the request for distribution.
Article third of the will reads: “ I give and bequeath all of my household goods, furnishings, clothing, furs, jewelry and all other personal belongings to my Executors, to be distributed to such members of my family and the family of my deceased husband (including their respective spouses), as may be selected by my Executors, and the selection of any member of such families and the articles to be selected shall be exclusively and solely in the discretion of my Executors and their decision shall be final and binding upon all persons having an interest in my estate. Any part or parts thereof not so distributed, I direct my Executors to sell the same and add the proceeds thereof to my residuary estate.”
Proof has been taken upon the issues, particularly as to the contention that a secret or constructive trust existed with respect to the disposition of the personalty. The will is dated June 26, 1956 and nominates three executors, one of whom was the attorney who prepared the instrument. A codicil is dated June 2, *781 1958 and replaces the first-named attorney by another attorney as an executor.
Among the exhibits introduced in evidence is a document dated December 30, 1959 signed by the decedent and. witnessed by one person. This document contains instructions which it is alleged bind the executors in making distribution of the personal property bequeathed in article third. The first page of this document is apparently a list of the testatrix’ tangible personal property and the second and third pages contain the names of members of the testatrix’ family and two friends and, following each name, is an enumeration of items of personal property which the testatrix wished the named person to receive. The document contains dispository and testamentary language such as “To Ceeile ”, “ Martha to receive ”, “ Anna is to have ’ ’ and “I am bequeathing”. The document was typewritten by a stenographer employed by the testatrix’ attorneys pursuant to directions given to the stenographer by the testatrix at her home. An earlier paper in the handwriting of testatrix was used as the basis for such directions. After the typewriting the document was mailed to the testatrix who signed it, had it witnessed and mailed it back to her attorneys. Its receipt was acknowledged by a letter signed by the stenographer who apparently wrote the letter without any express authority to do so. This document, although it appears to be testamentary in character, was not executed with the formality required by section 21 of the Decedent Estate Law, is not admissible to probate and cannot serve to vary or revoke the terms of the decedent’s will (Matter of Tremain, 282 N. Y. 485; Matter of Vaturi, 33 Misc 2d 295). The assertion is that these facts establish an express or implied promise which charged the executors with the duty of distributing the property in accordance with the instructions contained in the nontestamentary document deposited with them and that equity will intervene to impress a trust upon the property in order to accomplish distribution pursuant to the agreement. This assertion is premised upon the holdings in Blatter of Campe (1 Misc 2d 194), Matter of O’Hara (95 N. Y. 403), Amherst College v. Ritch (151 N. Y. 282) and Oursler v. Armstrong (10 N Y 2d 385).
The wills considered in the cited cases, while referring to an extraneous document, contained absolute bequests to the persons charged with carrying out the decedent’s instructions. In Matter of Warren (11 N Y 2d 463) the court also was concerned with an absolute bequest. The bequest to the executors in this testatrix’ will is not an absolute bequest. It vests them with no beneficial interest and constitutes a complete disposition of the *782 personal belongings. The bequest in this will merely charges the executors with the duty to distribute the personal property among a class of persons designated by the testatrix and the will gives the executors absolute discretion as to the manner of distribution within that group.
Of utmost importance is the fact that the will was executed on June 26, 1956, was ratified and confirmed by the codicil dated June 2, 1958 and the document which is the foundation of the petitioner’s claim was not signed and deposited with the attorney-executor until December 30, 1959. No direct proof sustains the petitioner’s claim that the attorney-executor, who had nothing to do with the preparation of the will in 1956, made any commitment to the testatrix in 1959 to follow her instructions and, from the evidence adduced, this court cannot find that such a promise was made. In addition no evidence was submitted that the other named executors, who did not participate in the preparation of either the will or the codicil, had any knowledge during the testatrix’ lifetime as to the disposition contained in article third of the will. The most that can be implied, and this is not established, is that the attorney-executor agreed to consider the testatrix’ instructions as advisory. The simple fact that emerges is that the testatrix in December, 1959, more than three years after she had executed her will, sent to the attorney who was one of three executors named in the will, a document containing testamentary directions which, if given legal effect, would vary the terms of her will by accomplishing a revocation of a part of that instrument.
The decisions have drawn a clear distinction between bequests to a fiduciary and bequests to a nonfiduciary, even though the form of the bequest be absolute. A gift to a nonfiduciary in absolute form is effective as a testamentary disposition (Matter of Warren, supra), although extraneous evidence may impress a trust upon the subject matter (Matter of O’Hara, supra; Restatement, Restitution, § 186; Restatement, Trusts, § 55) but an intention to confer an individual benefit must be plainly manifested when the gift is to a fiduciary (Forster v. Winfield, 142 N. Y. 327; Christman v. Roesch, 132 App. Div. 22, affd. 198 N. Y. 538; Matter of Sutta, 54 N. Y. S. 2d 572, affd. 265 App. Div. 994; Matter of Lehmaier, 183 Misc. 592; Matter of Beaumont, 54 N. Y. S. 2d 581; Matter of Brown, 122 N. Y. S. 2d 640) and a gift to a fiduciary, as such, fails if the ultimate testamentary purpose is to be found, not in the will, but in an extraneous paper (Reynolds v. Reynolds, 224 N. Y. 429; Fairchild v. Edson, 154 N. Y. 199; Matter of Sutta, supra; Matter of Brown, supra).
*783 Section 21 of the Decedent Estate Law sets forth the formalities required for the proper execution of a will and section 34 of the Decedent Estate Law provides that a written revocation or alteration of the will must be executed with the same formality with which the will itself was executed (Matter of Logasa, 161 Misc. 774; Matter of Van Ness, 10 Misc 2d 977; Matter of Tremain, supra). The wisdom of the Legislature in enacting this requirement is readily apparent and has contributed substantially to the elimination of fraudulent will alterations and revocations. To allow any change or revocation of the provisions of a will by a document not executed with the same solemnity would provide a means of circumventing the statute and would destroy the safeguards erected to protect the right of each individual to dispose of his property as he sees fit. There is a danger of fraud and inevitable confusion inherent in any policy which would permit a will to be amended or revoked by a simple note, letter or memorandum to an attorney. At this date in the history of our law the formal requirements as to the execution of a will do not require a defense and these requirements are not met if courts permit resort to extraneous informal writings either to accomplish a disposition of the decedent’s property or to ascertain the power and authority of the executor. There appears to be no valid reason why the court should encourage the legal profession to prepare instruments which, although formally executed, lack a complete disposition of the estate and attempt to incorporate or rely upon nontestamentary writings, whether such writings be made contemporaneously with the will or at later times. The sometimes avowed purpose for this too prevalent practice is to save the trouble of preparing a new will or a codicil but that is not an excuse for repudiation of the statutory requirements and invariably, as here, depletes the estate by the cost of litigation. In most instances it is the draftsman of such an inadequate will who comes into court seeking a construction of his own clever scheme.
Had this will contained a reference to an extraneous writing and made the purposes of the will dependent upon the contents of such a writing, it would be necessary to hold that the attempted gifts had failed (Matter of Sutta, supra). Fortunately, this will is complete in itself and, while making no beneficial gift to the executors, confers upon them the discretion to dispose of the property within a group of legatees identified in the will. Any attempt either to alter this disposition or to interfere with the discretion of the executors by an extraneous writing of the character here existing would be futile. It is the belief of this court that any contract by a fiduciary under which *784 he would he required to exercise discretion or perform, his duties in a manner other than provided by a will would be without legal effect (McCarthy v. Pieret, 281 N. Y. 407).
Accordingly it is held that the will makes a complete disposition of the property and the executors are to select the recipients among the persons designated in the will. The extraneous paper signed by the testatrix has no binding effect either to alter the will or to impose a trust upon the property disposed of by the will. The motion to strike the petitioners’ exhibits from the record is denied.
The application by the petitioner Martha V. Bartos for part payment of the sum of $6,000 on account of the residuary legacy due to her under the will is denied. Although the estate appears to be solvent at this time it is conceded by the petitioner that the estate may be rendered insolvent as a result of a proceeding now pending in Nassau County which seeks to surcharge this testatrix in connection with her administration of her husband’s estate. In addition the petitioner is concededly indebted to the estate in the sum of $11,000 for which sum the executors have instituted an action in the Supreme Court. Under the circumstances shown a payment on account of petitioner’s residuary legacy is not warranted. The stipulation by the petitioners to credit and set off any payment to Martha V. Bartos on account of her residuary legacy against any possible surcharge that may he recovered against this decedent’s estate provides insufficient protection to the executors. No abuse of discretion has been shown and this court will not under such circumstances interfere with the executors’ administration of the estate (Matter of Leopold, 259 N. Y. 274).