Joseph A. Cox, S.
The testator in article sixth of his will bequeathed his clothing, jewelry, the remainder of his paintings and similar personal effects not otherwise disposed of to his wife or to a named niece “to be distributed as I shall direct in a memorandum to be found with this will or in my safe deposit box now at the First National City Bank of New York, Madison Avenue and 76th Street, New York City, or in my office safe, or in the absence of such directions, to be distributed by my said wife or niece as she shall deem proper.”
The decedent left no surviving spouse but the niece did survive him. A letter addressed “ Dear Ruth ”, undated and in the handwriting of the testator was found in the testator’s office. This unattested writing provides for the disposition of various works of art and personal jewelry to named persons. The petition in the probate proceeding did not seek the probate of this unattested holographic instrument. The instant proceeding is brought for a determination of the validity, construction and effect of this paper.
Under the common law and in many States the incorporation in wills of extraneous documents by reference is permitted if the reference be distinct and if the writing is identified (1 Davids, *542 New York Law of Wills, § 436). This has not been the law of New York (Matter of Fowles, 222 N. Y. 222; President & Directors of Manhattan Co. v. Janowitz, 260 App. Div. 174; Matter of Emmons, 110 App. Div. 701). The rule in this State is that an unattested writing, testamentary in nature, can be given no effect and may not be included as part of a will even though referred to therein (Booth v. Baptist Church of Christ, 126 N. Y. 215).
Our courts have on occasion permitted the incorporation by reference of a writing that is clearly identified and of a variety which excludes the possibility of fraud and mistake such as a formal trust indenture clearly identifiable (Matter of Rausch, 258 N. Y. 327; Matter of Fowles, supra; Matter of Ivie, 4 N Y 2d 178; Matter of Freund, 33 Misc 2d 6). The testator in these excepted cases “ did not incorporate 1 into his will an unattested memorandum of his mere desires and expectations, his unexecuted plans ’, but added to ‘ the subject-matter of an existing trust by identifying the trust deed and the extent and nature of the increment ’ ” (Matter of Ivie, supra, p. 182). The type of ambulatory writing contemplated in this testator’s will does not comply with the requirements of the New York rule. It is void as an attempted testamentary disposition.
Matter of Voice (38 Misc 2d 779, affd. 19 A D 2d 945) treated with a letter of instructions and emphasized the dangers inherent in any attempt to write an open-end will by reference to a nonexistent informal writing. In the Voice case the will did not fail only because the bequest was a nonbeneficial gift to the executors to be disposed of in their discretion among identified legatees. Matter of Warren (11 N Y 2d 463) dealt with an absolute gift which was unaffected by a writing extraneous the will. But the issue in the instant case is not met by either of these decisions.
Here the legacy to the niece was to be distributed in accordance with the testator’s directions and, failing directions, the legacy was to be distributed as the initial recipient might deem proper. Certainly the testator had no intention of conferring a benefit upon his niece contrary to his directions since it was only in the absence of directions that she would be empowered to exercise any discretion. The will cannot be read as intending such directions to be effective only in the event the memorandum should be found in the particular places mentioned in the will. The provision for distribution to the niece is preceded by and conditioned upon the absence of directions. "While the testator indicated that his memorandum might be found in designated repositories, there is no sound basis for a conclu *543 sion that he wished Ms purpose to be nullified if his directions were not found in one of these locations. Such a conclusion would ignore not only his fundamental objective but the provision of the will that distribution be made to the niece “ in the absence of such directions. ” The testator did write directions but such directions may not be either incorporated into the will or regarded as a valid codicil to the will. The result is that the property so ineffectually disposed of passes as part of the residuary estate.
The bequest in article first of the codicil is effective.