■ In the Matter of the Estate of UDALL J. SALMON, Deceased. RUTH S. SHAPLEY, Appellant; FIRST NATIONAL CITY BANK et al., Respondents.

APPEAL from a decree of the New York County Surrogate's Court, entered May 7, 1965 in a proceeding for the construction of the will of Udall J. Salmon, deceased, except as to that portion which adjudged that the bequest of the oil painting "The Bridge" to Peggy Carlin is valid.

MEMORANDUM BY THE COURT. Decree entered May 7, 1965 construing the will, modified, on the law and on the facts, to the extent of directing that the personal property bequeathed by Paragraph Sixth of the will of Udall J. Salmon passes under the will to the appellant, Ruth Salmon Shapley, and, is otherwise affirmed, with $50 costs payable out of the estate to all parties filing briefs. Paragraph Sixth of the will bequeathes certain personal property, not otherwise disposed of, as follows: "If I shall be married at the time of my death then to my wife, or, if I shall be unmarried at the time of my death, to my niece, RUTH SALMON SHAPLEY, in either case to be distributed as I shall direct in a memorandum to be found with this will or in my safe deposit box, now at The First National City Bank of New York, Madison and 76th Street, New York City, or in my office safe, or in the absence of such directions, to be distributed by my said wife or niece as she shall deem proper." The deceased died unmarried and left no memorandum referring to his estate other than an undated letter addressed to his niece, the appellant, as "Dear Ruth". The letter was found in his office desk advising her that he would "like" to have certain specified items of personal property given to named persons. The "Dear Ruth" letter was undated and unattested and cannot be incorporated into the will by reference and is ineffective to pass title to the property to the persons mentioned in the letter. (*Booth* v. *Baptist Church of Christ*, 126 N. Y. 215; *Matter of Fowles*, 222 N. Y. 222; *Matter of Menken*, 180 Misc. 656.) Since the letter or memorandum left by the decedent does not take effect, there is an absence of legal directions to the legatee and the gift becomes absolute to the niece to be distributed "as she deems proper." The conclusion is reached that the testator intended to make an outright gift to his niece, if he was not survived by a wife, and the precatory expression set forth in the letter imposes no limitation upon the legacy. (*Matter of Warren*, 11 N Y 2d 463; *Matter of Campe*, 1 Misc 2d 194.)

BOTEIN, P. J. (dissenting). The testator desired the property described in Paragraph Sixth of his will to go to his niece "to be distributed" by her in accordance with directions set forth in an extra-testamentary memorandum, or, in the absence of such directions, "to be distributed" by her "as she shall deem proper." The niece's answer asks for a declaration that the property passed to her "absolutely"; but that the testator so intended seems to me an unsupportable inference.

The testator allowed the niece no leeway at all with respect to property as to which he left directions. He could only have had in mind that she would distribute it as the memorandum directed, retaining none for herself. And it seems to me a highly speculative possibility that the testator contemplated that the latitude granted the niece in the absence of directions would permit her to keep property for herself. For not only do such words as "to be distributed" hardly connote a distribution to oneself, but in other provisions of the will the testator made absolute bequests to his niece, so that if he had expected her to share beneficially under Paragraph Sixth in the absence of directions the likelihood is that he would have said so.

In *Matter of Warren* (11 N Y 2d 463), where a bequest to a residuary legatee to be distributed by him in accordance with a letter of instructions was held

to be an absolute gift, it was emphasized that the will expressly disposed of the residue "as the absolute property" of the legatee (see, also, *Matter of Menken*, 180 Misc. 656), and, further, that unless an absolute gift was intended a partial intestacy would result. The forthright language of the testatrix in *Matter of Warren* is missing here, nor could there be an intestacy in the instant matter.

The Surrogate read the intention of the testator correctly in my opinion, and I vote to affirm his order.

Valente, Eager and Staley, JJ., concur in Memorandum by the court; Botein, P. J., dissents in opinion in which McNally, J., concurs.

Decree modified, etc. [46 Misc 2d 541.]