FREDERICK P. FORSTER et al., Respondents, *v.* RICHARD M. WINFIELD, Appellant.

Before a gift to executors *eo nomine* can be held to vest in them individually, the intention that it should so vest must be plainly manifest.

The will of F. empowered his executors, two in number, to sell any of the real estate of which he died seized, and out of the proceeds "which they are to receive as trustees and in trust to pay any debts;" the net residue after payment of all debts he gave to the "executors and the survivor of them as joint tenants." Then followed this clause: "I have entire confidence that they will make such disposition of such residue as under the circumstances, were I alive and to be consulted, they know would meet my approval." But one of the executors qualified; they both as individuals contracted to sell to defendant a portion of the lands of which the testator died seized. *Held,* that plaintiffs did not take title to the real estate as individuals, and as such could not convey title;

and so, that defendant was entitled to judgment for a return of the deposit made by him on execution of the contract and a cancellation of the contract.

(Submitted April 20, 1894; decided May 1, 1894.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 1, 1893, which directed judgment in favor of plaintiffs upon a case submitted under section 1279 of the Code of Civil Procedure.

George H. Forster died in the city of New York in November, 1888, leaving a widow and two sons, Henry A. Forster and Frederick E. Forster, and also leaving a will, the sixth clause of which is as follows:

"*Sixth.* I appoint my brother, Frederick P. Forster, and my son, Henry A. Forster, executors of this will, and empower them to sell and convey all and any part of any real estate of which I may die seized or possessed, to compound, compromise, submit to arbitration and settle all claims against my estate, also all claims belonging to my estate, on such terms as they or the survivor, or the one who may qualify, shall see fit. It is my will that, in case it is necessary to prove this will in Massachusetts, or in any other state, where security is required from executors, that no bond or security shall be required from either of them for administration on my estate.

"I direct my executors, out of the proceeds realized by them under the power of sale hereinbefore conferred, which they are to receive as trustees and in trust, to pay any debts that I may owe, including any mortgages to secure bonds heretofore given by me, whether such real estate has been conveyed to any member of my family or shall belong to me at the time of my decease; and the net residue, after payment of all such debts, I give to my said executors and to the survivor of them as joint tenants. I have entire confidence that they will make such disposition of such residue as, under the circumstances, were I alive and to be consulted, they know would meet my approval."

Frederick P. Forster took letters testamentary on the will, but the other executor never qualified as such. The property of the testator at the time of his death consisted chiefly of vacant, unimproved and unproductive real estate, all of which was mortgaged; and he left less than $1,000 worth of personal property. At the time of making his will, and at his death, his real estate was worth less than $104,000, and at the time of his death his debts were in excess of $91,500, besides mortgages on the real estate on which there was due upwards of $33,000.

Frederick P. Forster, one of the executors, had been in partnership with the testator for many years, and the other executor was his eldest son. On the 19th day of November, 1892, these plaintiffs individually entered into a written agreement with the defendant to convey to him a lot of land described as " Lot No. 287 on a map of 339 lots at Riverdale and Mosholu, property of F. P. and H. A. Forster, for the price or consideration of $550,000;" and they agreed to give a good title in fee simple, free from all incumbrances, with full covenants and warranty. The plaintiffs tendered a deed executed by them as individuals, proper in form to convey the lot, which the defendant declined, claiming that they were not able to convey the lot to him by a good title in fee simple.

The only title claimed by the plaintiffs is under the will. The facts were agreed upon as hereinbefore recited in a written submission to the General Term, which also stated that plaintiff claimed judgment for a specific performance of the contract on the ground that the will of George H. Forster contains a gift to them as individuals of the proceeds of the sale of the whole of testator's real estate, after the payment of debts and mortgages; that they have a right to elect between the proceeds of the sale of the testator's real estate and the land itself, and that as they have elected to take the lot in question, instead of the proceeds of the sale thereof, they are seized of the lot in question and are entitled to convey it to the defendant in fee simple absolute.

The defendant claims judgment for the return of his deposit upon the ground : (1) That the gift to the executors was not for their individual benefit, but to them as trustees on a trust which is void because there is no beneficiary or object of the trust designated, and the plaintiffs took nothing thereunder ; (2) that the gift to the plaintiffs was not of the net proceeds of the sale of all of the testator's real estate after the payment of debts and mortgages, but was only of the net proceeds, if any, of so much real estate as was necessarily sold to pay debts and mortgages over and above the amount of the debts and mortgages, and that all of the real estate not necessarily disposed of to pay debts and mortgages was undisposed of by the will and passed to the testator's children by inheritance.

Upon these facts the questions submitted to the court are :

" 1. Is the gift of the net proceeds of the testator's real estate after the payment of debts and mortgages an absolute gift to the plaintiffs as individuals ?

2. Is the gift of the net proceeds of the sale of the testator's real estate a gift of the net proceeds of the sale of the whole of the testator's real estate after paying debts and mortgages, or only a gift of the net proceeds, if any, of only such real estate as is necessarily sold to pay debts and mortgages over the amount of such debts and mortgages ?

3. Are the plaintiffs entitled to collect the five hundred dollars from the defendant upon tendering him a short-form full-covenant warranty deed of the lot described in the agreed case, or is the defendant entitled to the return of the deposit of fifty dollars and the cancellation of his contract to purchase the lot in question ? "

Upon the facts submitted the General Term determined that the plaintiffs took title to the real estate as individuals, and that they were, therefore, able as such to perform their contract with the defendant and to give a good title, and it rendered judgment in favor of the plaintiffs for the specific performance of the contract.

*Edward E. Sprague* for appellant. The court will reject, if possible, the plaintiffs' construction of the will, because it effects the disinheritance of the testator's children. (*Low* v. *Harmony,* 72 N. Y. 414; *Wood* v. *Mitcham,* 92 id. 375; *Matter of Brown,* 93 id. 295; Williams on Executors [7th ed.], 1281; *In re Appleton,* L. R. [29 Ch. Div.] 893; *Slavey* v. *Watney,* L. R. [2 Eq.] 418.) The gift is not to the executors beneficially, but in trust. (1 Perry on Trusts, § 114; *Shovelton* v. *Shovelton,* 32 Beav. 143; *Palmer* v. *Simmonds,* 2 Drew, 221; *Warner* v. *Bates,* 98 Mass. 274; *Briggs* v. *Penny,* 3 McN. & G. 546; *Raikes* v. *Ward,* 1 Hare, 445; *Ware* v. *Mallard,* 16 Jur. 492; *Foose* v. *Whitmore,* 82 N. Y. 407.) The will does not purport to make any disposition of that part of the realty not sold for payment of debts. (*Allen* v. *De Witt,* 3 N. Y. 276; *Hetril* v. *Barber,* 69 id. 1; *McCarty* v. *Deming,* 4 Lans. 440; *Jackson* v. *Jansen,* 6 Johns. 73; *Sharpsteen* v. *Tillou,* 3 Cow. 651.) The questions presented are at best too doubtful to be determined against the defendant by an adjudication which will not bind the heirs. (*Abbott* v. *James,* 111 N. Y. 673; *Fleming* v. *Burnham,* 100 id. 8; *Jordan* v. *Poillon,* 77 id. 518; *Kilpatrick* v. *Barron,* 125 id. 751.)

*Foster & Speir* for respondents. The gift of the net proceeds of the sale of all of the testator's real estate after the payment of debts, was an absolute gift to the plaintiffs as individuals, and not on any trust. (*Lawrence* v. *Cooke,* 104 N. Y. 632, 636–639; *Foose* v. *Whitmore,* 82 id. 405, 407, 408; *Field* v. *Mayor,* 38 Hun, 590; 105 N. Y. 623; *In re Keleman,* 126 id. 73, 80, 81; *Howorth* v. *Dewell,* 29 Beav. 18–20; *Reid* v. *Atkinson,* 5 Irish Rep. Eq. 373, 378, 380, 381; *Meredith* v. *Heneage,* 1 Sim. 542, 565, 566; *Stead* v. *Mellor,* L. R. [5 Ch. Div.] 225, 228; *Lambe* v. *Eames,* L. R. [6 Ch. App.] 597; *Winch* v. *Brutton,* 14 Sim. 379; *Curtis* v. *Rippon,* 5 Madd. 434; *Clarke* v. *Leupp,* 88 N. Y. 228, 230–234; *Roseboom* v. *Roseboom,* 81 N. Y. 356–359; *Campbell* v. *Beaumont,* 91 id. 464, 468; *Parsons* v. *Best,* 1 T. & C. 211;

*Mackett* v. *Mackett*, 14 Eq. Cas. 49, 53 ; *Knight* v. *Boughton*, 11 Cl. & Fin. 513, 553, 554, 548, 549, 551 ; *Greene* v. *Greene*, 3 Irish Rep. Eq. 629 ; *Reeves* v. *Baker*, 18 Beav. 372, 380, 381 ; *In re Hutchinson*, L. R. [8 Ch. Div.] 540, 542, 543 ; *Fox* v. *Fox*, 27 Beav. 301, 302 ; *Gibbs* v. *Rumsey*, 2 Ves. & Beames, 294 ; *Bardswell* v. *Bardswell*, 9 Sim. 319 ; *Sale* v. *Moore*, 1 id. 534.) The gift to the plaintiffs was of the net proceeds of the sale of the whole of the testator's real estate after the payment of debts and mortgages. (*Cussack* v. *Tweedy*, 126 N. Y. 81 ; *Schult* v. *Moll*, 132 id. 122, 127 ; *Vernon* v. *Vernon*, 53 id. 351, 361 ; *Delehanty* v. *St. Vincent*, 56 Hun, 55, 58 ; *Thomas* v. *Snyder*, 43 id. 14, 15 ; *Lyman* v. *Lyman*, 22 id. 261, 263.) The plaintiffs, being entitled to the net proceeds of the sale of the whole of the testator's real estate, have elected to take the lot in question instead of its proceeds. (*Greenland* v. *Waddell*, 116 N. Y. 234, 246 ; *Sayles* v. *Best*, 140 id. 376, 377 ; *Mellen* v. *Mellen*, 139 id. 210, 220, 221 ; *Kilpatrick* v. *Barron*, 125 id. 751, 752 ; *Armstrong* v. *McKelvey*, 104 id. 179, 183, 184 ; *Prentice* v. *Janssen*, 79 id. 478, 485, 486 ; *Garvey* v. *McDevitt*, 72 id. 563, 564 ; *Hetzel* v. *Barber*, 69 id. 11.) The defendant's objections to the title are without foundation. (2 Williams on Executors [6th Am. ed.], 1282–1284 ; *Compton* v. *Bloxham*, 2 Collyer, 201, 203 ; *Dix* v. *Reed*, 1 Sim. & Stu. 237 ; *In re Denby*, 3 De G., F. & J. 350 ; *Burgess* v. *Burgess*, 1 Collyer, 367 ; *Bubb* v. *Yelverton*, 13 Eq. Cas. 131 ; *Wildes* v. *Davies*, 1 S. & G. 475, 485 ; *Nelson* v. *Russell*, 135 N. Y. 137 ; *Forster* v. *Scott*, 136 id. 577 ; *Rochester* v. *Quintard*, Id. 221 ; *Adams* v. *E. R. S. Inst.*, Id. 52 ; *Spencer* v. *Merchant*, 100 id. 585 ; 125 U. S. 345.)

EARL, J. There is no technical rule of law to be applied in the construction of the 6th clause of this will. The intention of the testator, as that can be ascertained from the language used, is to control and have effect. Did the testator intend to vest Frederick P. Forster and Henry A. Forster, these plaintiffs, as individuals, absolutely with the title to the land or its proceeds ? Before a gift to executors *eo nomine* can be held

to vest in them individually the intention that it should so vest must be plainly manifested. In the language here used we find no such intention. He appoints the plaintiffs executors of his will and gives them a power of sale. Then he directs them out of the proceeds realized by them from the execution of the power of sale, which they are to receive as trustees and in trust, to pay any debts that he might owe, including mortgages, and then he gives the entire residue, after payment of such debts, to his executors and to the survivor of them as joint tenants. If there were no more in this clause of the will it would scarcely be claimed that the testator had manifested any intention to vest the executors individually with the title to the land or its proceeds. All the language used relates to them as executors, and to them only in their official capacity. The gift is to them as joint tenants, and to the survivor of them, thus showing clearly that he was dealing with them in their official capacity.

The last part of this clause does not qualify what precedes it. There he says: " I have entire confidence that they will make such disposition of such residue, as, under the circumstances, were I alive and to be consulted, they know would meet my approval." This language does not necessarily imply that they were to take the land or its proceeds as individuals. It was just as appropriate in its relation to them as executors. He gives the real estate or its proceeds to them upon some undefined trust, a confidence not disclosed. The testator evidently supposed that the secret trust would be carried out, and possibly that it could legally be enforced. While it is quite true that this trust is unauthorized, that no estate can, under this gift, upon this undefined and void trust, vest in the executors as trustees, and that they take a mere power of sale for the purposes specified in the will, yet these circumstances do not authorize us to hold that language which would otherwise be construed as a gift to them as executors, should be construed as a gift to them as individuals. It is sufficient to refer for the general rule of construction of such a clause in a will, to 1 Perry on Trusts, sec. 158, and Lewin

on Trusts, page 149 and cases there cited.    We find no authority which sustains a different construction.

Our conclusion, therefore, is that under this will the plaintiffs did not take title to this real estate as individuals, and that as such they cannot convey any title to the land in question to the defendant, and that, therefore, the defendant is entitled to a return of the deposit and a cancellation of his contract of purchase.

The judgment of the General Term should, therefore, be reversed, and judgment given for the defendant in accordance with this opinion. with costs in the Supreme Court and in this court.

All concur.

Judgment accordingly.