In the matter of the judicial settlement of the account of James S. Dempsey and another, as executors, etc., of Luke Kennedy, deceased. The executors claimed that the bequest in the fifth clause of the will was either a conditional legacy to St. Vincent's Retreat or a trust for the benefit of Mary A. Kennedy during her life, with remainder over to the Retreat, and that the latter was not entitled thereto, nor to any portion thereof.

Rider & Smith, for executors.

Sayers & Gillespie, for St. Vincent's Retreat.

ARNOLD, S. The decedent died in this city in or about the month of March, 1896, leaving a will, which was executed February 3, 1891, and at each of said dates his only next of kin was his son, Joseph Kennedy, residing in Minneapolis. The third clause of the testator's will gave a legacy of $2,000 to his friend, James S. Dempsey, and the fourth clause, $1,000 to the parish priest of St. James' Church, for the poor of the congregation. The testator then disposed of the residue of his estate in the following words:

"The balance thereof to be divided as follows: One-third thereof to be given in trust by my executors to the trustees or officers of St. Vincent's Retreat, situated at Harrison, New York, for the benefit, maintenance, and support of my wife, Mary Ann Kennedy, during her natural life, and to receive the best of nourishment and care and to be made comfortable in her old age, and on

her decease to receive decent burial; and my executors are directed to allow the said officers or trustees to retain any moneys that may be left out of my said wife's share 'on her decease, to be kept by them for the benefit of their institution. Sixth. And my executors are further directed to pay over the other two-thirds of said moneys to my son, Joseph, who now resides at Minneapolis, in the state of Minnesota, and also give, devise, and bequeath to my son, Joseph Kennedy, all my property in Minnesota, to have and to hold the same to himself forever."

Mary Ann Kennedy, the wife of the testator, predeceased him on August 11, 1892. She was not, at that or any other time, an inmate of St. Vincent's Retreat, or in any way under its care and charge. Was the bequest upon condition, and was the performance of that condition the motive of the bequest, and has the bequest failed because the death of Mrs. Kennedy before the testator rendered such performance impossible? 2 Williams, Ex'rs (6th Ed.) p. 1372. The scheme of the will was just and beneficent. Had the testator died intestate, leaving his wife surviving, she would have taken one-third of his estate and his son two-thirds, and this is what he desired substantially to accomplish by his will, but he no doubt realized that his son lived in a distant state, too far, perhaps, for his mother in her old age to go, and that he could not care for and make her comfortable here when so far away. With forethought and solicitude for her welfare, the testator endeavored to insure her future happiness and comfort by himself selecting as her future home St. Vincent's Retreat, and providing for her support and maintenance in that institution during her life, and the payment of her funeral expenses upon her death, out of the one-third of his estate appropriated for her benefit, the Retreat to retain whatever was then left of the same. My conclusion is that the bequest to the Retreat was conditioned upon the fulfillment by the legatee of the purposes which it was intended to accomplish, and that such condition was the motive of the bequest. The performance of the condition having become impracticable, the bequest, therefore, fails. A decree may be submitted in accordance with these views. The objections filed by the executor of Mary Ann Kennedy are overruled.

Decreed accordingly.