In the Matter of the Will of JAMES M. LEHMAIER, Deceased.

Surrogate's Court, New York County, June 29, 1944.

*Victor H. McCutcheon* and *Henry K. Heyman* for accounting executors and trustees.

*Englehard, Pitcher & Amann* for Elizabeth Frankel and others, respondents.

*S. Simmons* for Doris L. Kaufman and others, respondents.

DELEHANTY, S. Deceased's will appointed as his executors Arthur S. Gutman, Marie T. Gutman and Louis A. Lemaire, Jr. By article second of the will each of these was given an article of tangible personalty. One of them was made an alternative beneficiary of a like article. Another of them was made a beneficiary of a fifth of the residuary. The first named is legatee of two fifths of the residuary if certain conditions arise in the future.

In the paragraph which preceded the residuary clause deceased undertook to make a gift in the following text: " Tenth: I give the sum of twenty-five thousand dollars ($25,000) to my executors, Marie T. Gutman, Louis A. Lemaire Jr. and Arthur S. Gutman. I request and empower them to expend the same, income and capital, in whole or in part, in their absolute discretion, in accordance with my letter accompanying this will."

A filed stipulation furnishes the text of the letter referred to by deceased. It was referred to in the probate petition and was denied probate. It is dated on the same day as the will, was signed prior to the execution of the will and in the presence of the witnesses to the will. It was expressly referred to by the testator at the time of execution of the will and identified by him as the letter which he mentioned in the will. The will and letter were found in the same sealed envelope after deceased's death.

The questions presented are whether the quoted text makes an effective gift and, if so, for whose benefit. The petitioning fiduciaries state the contentions thus:

" 1. That article ' tenth ' creates a trust and that the trust fails for indefiniteness.

" 2. That article ' tenth ' bequeaths an absolute legacy to the petitioners individually and that there is warrant for imposing a trust on the absolute legatees by virtue of the letter.

" 3. That article ' tenth ' bequeaths an absolute legacy to the petitioners individually and that there is no warrant for imposing a trust on the absolute legatees by virtue of the letter."

The executors say that they are, as individuals, tenants in common of an outright legacy with no legal duty imposed on them to do anything whatever in respect of the fund. They apparently accept the idea that they may be charged with a moral duty to carry out the terms of the letter but they claim that the fund passes to them individually, is vested in them beneficially and that no trust may be imposed upon the money in their hands.

Persons mentioned in the letter say that while the bequest is valid as a gift to the individuals the money in their hands is impressed with a trust for the benefit of the persons named in the letter.

The special guardian for an infant interested in principal of the residuary trust contends that the gift is a gift to the executors *as such* and that it wholly fails of its purpose, with a consequent lapsing of the legacy and the passing of the fund into the residuary in which his ward will benefit.

On the facts stipulated there is no basis for saying that the petitioners as individuals were intended by deceased to have the legacy beneficially. On the contrary, it is clear that they were to have no personal beneficial use of any part of the property. Accordingly the court rejects the suggestion that they take the fund for their individual enjoyment.

Next in order is the question whether deceased intended the petitioners *as individuals* to take the legacy and, *as individuals,* to use it as he directed by the letter. It is clear that if deceased intended that petitioners should have the fund as individuals they would be bound to take it subject to a trust obligation to use it for the benefit of others. (*Matter of Will of O'Hara,* 95 N. Y. 403.) There is here in terms a gift to *executors.* It is true that the executors were described by name but the gift would have been just as complete and would have meant precisely the same thing if the names had been omitted. The quoted text means nothing more or less than if it had said: " I give the sum of $25,000 to my executors and request and empower them to expend the same in accordance with my letter accompanying this will ". The gift is to the group and to the group *as executors.* Patently deceased did not intend that each of

them should dispose of $8,333.33. On the contrary he was dealing with them as his representatives and expected them to act as a board of executors. This will bears evidence that it was prepared by a skilled draftsman. At the date of its execution it had long been settled law that an intention to confer an *individual* benefit must be plainly manifested when the gift runs to fiduciaries described as such. (*Forster et al.* v. *Winfield,* 142 N. Y. 327; *Christman* v. *Roesch,* 132 App. Div. 22, affd. 198 N. Y. 538; Davids' New York Law of Wills, § 774.) The text of the will and the circumstances attending its execution require the court to hold that the gift was not a gift to petitioners as individuals. The contention that they thus took the fund subject to a trust must be rejected.

Since the will purported to give the fund to the executors in their fiduciary character the gift must be held to have failed because there is found *in the will* no definition of the beneficiaries of the fund which the court can accept as valid. (*Reynolds* v. *Reynolds,* 224 N. Y. 429; *Fairchild* v. *Edson,* 154 N. Y. 199; *Matter of Bouvier,* 257 App. Div. 665; *Gross* v. *Moore,* 68 Hun 412, affd. 141 N. Y. 559; *Matter of Keenan,* 107 App. Div. 234.) So long as the Statute of Wills of this State is enforced such extra testamentary dispositions as deceased here attempted must fail. The fund passes into the residuary of the estate.

Submit, on notice, decree construing the will and settling the account accordingly.