In the Matter of the Construction of the Will of MABEL C. MURRAY, Deceased.

Surrogate's Court, New York County, May 7, 1948.

*George H. Fox,* in person, and for Llewellyn W. Cowan, as executors of Mabel C. Murray, deceased, petitioners.

*John J. Reynolds* for Kathryn Hayes and another, respondents.

Collins, S. This is a proceeding for construction of the third and fourth articles of decedent's will. The second article of the will makes outright bequests of pecuniary legacies to a number of individuals. The third article contains a bequest to one of the same persons for use in providing for the care of decedent's Angora cat. The distributees of decedent contend that this article is an attempt to create a trust which unlawfully suspends the power of alienation because it is not measured by the life of a human being (*Matter of Baier*, N. Y. L. J., July 13, 1940, p. 101, col. 6; *Matter of Howells*, 145 Misc. 557; *Matter of Schaefer*, N. Y. L. J., Oct. 25, 1944, p. 1030, col. 1). Decedent's direction does not contemplate the erection of a trust. None of the elements essential to the creation of the trust is contained in such direction. The court holds that the third article of the will provides a bequest on condition. The existing record in this proceeding does not establish the fact that decedent at the time of her death was possessed of the particular animal for which she intended to provide care. A condition of payment to the legatee is that the fulfillment of the purpose for which the bequest was intended may be accomplished, since such condition was the motive of the bequest. (*Matter of Kennedy*, 25 Misc. 257; Page on Wills, § 1284; 39 Harv. L. Rev. 907.) The principle was stated in *Bullard* v. *Town of Shirley* (153 Mass. 559, 560) by Justice Holmes who said: '' We must take her condition strictly as she wrote it, and taking it so, it cannot be performed. Again, we are of opinion that, although the act of supporting a minister need not begin until after the receipt of the legacy, a capacity to do the act is a condition attached to the gift itself. * * * Here, that which by our construction is contemplated by the testatrix as the consideration and inducement of her gift fails altogether.'' If the executors have knowledge as to the existence of the feline at the date of decedent's death or, if lacking such present information, the proof of such fact is given them, the bequest may properly be paid to the legatee.

The fourth article of the will bequeaths the residuary estate to the executors *eo nomine* '' with the confidence that they will use the same for the purpose of assisting needy single Salvation Army Officers, which fact I have made well known to them.'' It is settled law that '' before a gift to executors *eo nomine* can be held to vest in them individually the intention that it should so vest must be plainly manifested.'' (*Forster* v. *Winfield*, 142 N. Y. 327, 332–333.) In the cited case the will under consideration gave the residuary estate to executors and to the

survivor of them as joint tenants and then provided " I have entire confidence that they will make such disposition of such residue, as, under the circumstances, were I alive and to be consulted, they know would meet my approval." The court held that the executors did not take title to the residuary estate as individuals. The rule of that decision has long been settled law. (2 Davids on New York Law of Wills, § 774; *Christman* v. *Roesch,* 132 App. Div. 22, affd. 198 N. Y. 538; *Gross* v. *Moore,* 68 Hun 412, affd. 141 N. Y. 559; *Matter of Keenan,* 107 App. Div. 234; *Matter of Sutta,* 54 N. Y. S. 2d 572, affd. 265 App. Div. 994; *Matter of Lehmaier,* 183 Misc. 592; *Matter of Sheifer,* 178 Misc. 340; *Matter of Beaumont,* 54 N. Y. S. 2d 581; *Matter of Martyn,* N. Y. L. J., April 20, 1945, p. 1503, col. 3.) In *Matter of Lehmaier* (*supra*) the expression following a gift to executors was " I request and empower them to expend the same * * *." In *Matter of Sheifer* (*supra*) the will contained the following language: " I have the fullest confidence in my said executors and trustees that they are well aware of my wishes and that they will carry out my request faithfully and I further declare that the judgment of my executors and trustees in disposing of the said balance of the trust fund upon the death of my brother, except as otherwise provided in the within codicil, shall be final and conclusive and not be questioned in any court or proceeding by anyone whomsoever." In *Matter of Beaumont* (*supra*) the will directed that upon the termination of a life estate the trust corpus " be paid over absolutely free and discharged of all trusts to the said George Stanley Harvey, [the trustee] and he in his discretion is to use such fund for the benefit of any person, or persons, afflicted wholly or partially with blindness in such manner as he alone shall determine." The will before the court in *Matter of Martyn* (*supra*) contained a bequest to executors to be used for indigent persons or charitable purposes followed by the locution " it is not my desire to create a special trust." In each instance heretofore cited it was held that the fiduciaries acquired no personal beneficial interest. The text of the will here being construed must be given a like interpretation.

It has been suggested that the fourth article fails to create a valid charitable trust because of indefiniteness or uncertainty as to the trust purposes. That contention is overruled. (Personal Property Law, § 12.) Here the beneficiaries are identified explicitly as needy single Salvation Army Officers. The gift is for a valid charitable purpose and for definite beneficiaries. (*Matter of Durbrow,* 245 N. Y. 469; *Manley* v. *Fiske,* 139 App.

Div. 665, affd. 201 N. Y. 546; *Matter of Kelley,* 138 Misc. 190; *Matter of Philipoteaux,* 138 Misc. 208.)

Following the identifications of the beneficiaries there appear in the will the words " which fact I have made well known to them." This is a statement of a purported fact which the executors say did not occur. The truth of the statement is inconsequential. It may be disregarded without in anywise affecting the operation of the trust. The presence of this general expression in the will would in no event destroy the charitable character of the trust. (*Matter of MacDowell,* 217 N. Y. 454; *Matter of Martyn, supra.*)

The court holds that the fourth article of the will creates a valid charitable trust to be administered by the fiduciaries under the supervision of the Attorney-General of the State of New York whose duty it is to assure the accomplishment of decedent's purpose.

Submit decree on notice construing the will in accordance with this decision.