William T. Collixs, S.
In this proceeding the court is asked to construe paragraphs Second and Fourth of the will which read as follows:
“ Second: I give and bequeath to my executor hereinafter named all of my personal and household effects, to be distributed by him in the manner described in a letter which I am leaving directed to him. * * *
*157 “ Fourth: All the rest, residue and remainder of my estate I give and bequeath to my executor hereinafter named to be used by him for the purposes mentioned in the above letter.”
The letter referred to states: “ If there is enough left after my debts are paid, I would like to remember the following persons with a letter and a small memento from me: * * *. (Naming several individuals, a church, and a Ladies Auxiliary.”
Said letter is ineffectual as a testamentary instrument because not executed in accordance with the requirements of the Decedent Estate Law. It is contended by petitioner, the executor under the will, that testator intended that the provisions of the will constitute an absolute gift to him and that the benefits to those named in the letter were intended to be precatory only. Petitioner further contends that there is neither an expressed nor implied obligation imposed upon him to carry out the terms of the letter for the benefit of those mentioned therein. He concedes having a moral obligation to carry out the wishes of testatrix. The court holds that these bequests were not absolute as gifts to the petitioner individually but were made to him in his fiduciary capacity (Reynolds v. Reynolds, 224 N. Y. 429; Matter of Lehmaier, 183 Misc. 592; Matter of Brown, 122 N. Y. S. 2d 640; Matter of Sutta, 54 N. Y. S. 2d 572, affd. 265 App. Div. 994).
This finding is supported by the very specific language of the will which bequeaths the personal and household effects to the executor “to be distributed by him in the manner described in a letter which I am leaving directed to him ’ ’ and bequeaths the residuary estate to the executor “to be used by him for the purposes mentioned in the above letter.” The testatrix thus leaves nothing to him individually.
Since the will itself contains no definition of the beneficiaries of the bequests, the gift is held to have failed in its entirety. The estate passes as intestate property.
Submit decree construing the will accordingly.