S. Samuel Di Falco, S.
The remainder of the trust which is the subject of the present accounting proceeding, is bequeathed in various amounts in 11 paragraphs of article eighth of the will. Paragraph seventh reads: “ To Dr. Menos Gregory, the sum of Two Thousand ($2,000) Dollars, to be distributed by him among educational institutions and charities in the City of New York, in such amounts and in such manner as he in his uncontrolled discretion shall deem to be in conformity with my ideals and principles, of which he has knowledge, concerning gifts and donations for educational and charitable purposes.” Dr. Gregory survived the decedent but predeceased the life beneficiary of the trust. The court is asked to determine whether the trust shall be executed cy pres, as the Attorney-General contends, or the specified sum passes *441 under the gift of the balance of the fund in paragraph eleventh, as the special guardian and the beneficiaries under that paragraph argue.
All parties are in agreement that Dr. Gregory was intended to take in a fiduciary capacity, and not individually. The executors under his will suggest turning over the funds to them, but they offer the suggestion as a means of carrying out the testator’s intention, because they say that they also are familiar with the testator’s ideals and principles concerning educational and charitable gifts. The court is in accord with the parties in construing the gift to Dr. Gregory as a gift in trust.
The court holds that the gift is a valid gift in trust for charitable and educational uses. (Matter of Durbrow, 245 N. Y. 469; Matter of Cunningham, 206 N. Y. 601; Matter of Cohen, 58 N. Y. S. 2d 924; Matter of Murray, 198 Misc. 45; 3 Page on Wills, § 1232; 4 Scott on Trusts [2d ed.], § 396; Eestatement, Trusts, § 396.) The fact that the trustee is clothed with a broad discretion in selecting the beneficiaries does not render the trust invalid or unenforcible. In cases where the named trustee is living and capable of executing the trust, the test of validity is whether the discretion granted to him is so great and the purpose of the testator is so indefinite that equity cannot define and enforce the trust. “ Broadness of scope and generality of purpose do not in themselves breed impossibility of execution. * * * Although a wide diversity of judicial opinion exists as to the meaning which should be given to the words ‘ indefiniteness of purpose ’ in this connection * * * a rule of generous construction manifests itself in the more recent decisions ”. (Matter of Durbrow, supra, p. 475, 476.)
The very nature of a gift to a charitable or educational institution for the aid of worthy and needy persons admits of a much greater freedom of choice in the trustee than does a gift for private uses. Frequently a testator makes the general decision to devote a portion of his funds to charitable uses before he considers the matter of actual allocation among particular institutions. Necessarily a period of time must elapse between the making of his will and the actual distribution of the funds, and where, as here, a trust administration intervenes, the period is appreciably longer. Needs and resources of particular institutions may very well change in that period. The use of the funds in works of charity can be more effectively directed immediately before their disbursement, in the light of presently existing conditions and needs. Hence a testator often is content merely to outline in broad *442 terms the field of his choice and to leave the selection of beneficiaries to the one who is in a position to judge present needs and merits.
The charitable purpose of the testator will not be frustrated by expressions in his will which reflect his confidence that the named trustee is so familiar with the testator’s principles and predilections and his loyalty is so far beyond question that the allocation of the funds will be substantially the same as if the testator had himself distributed them. It is to be expected that he would choose someone sympathetic with his ideas and worthy of his trust. Even where the will reveals that the testator had consulted with his trustee, the courts have upheld the trust. In Matter of Groot (173 App. Div. 436, affd. 226 N. Y. 576) the grant of discretion to the trustee to distribute the residue to worthy charities was qualified by the words ‘ ‘ he having been fully advised of my purposes and inclinations in that respect.” The court held that the quoted words did not prevent the disposition of the fund after the death of the named trustee. Said the court (p. 439): “ The judgment of the trustee, and not the statement made to him by the [testator], controls the disposition of the fund.” In the present case, the named trustee was not expected to conform to any direct statement of intention but rather to ideals and principles which undoubtedly were reflected by the testator’s words and deeds over the period of their mutual friendship. Under the authorities, such a broad statement of purpose.and intention is permissible in a purely charitable trust.
In cases where the named trustee has died, has failed to qualify or for some reason is incapable of exercising the discretion reposed in him, a further question must be answered, namely, whether the discretion conferred upon the named trustee was intended to be purely personal to him. If it appears that the testator intended that the execution of the gift by the particular trustee is an essential part of his plan, if he intended that the application of the property to charitable uses. ‘‘ should lie wholly and solely within the discretion of the person whom he names as trustee ”, then the trust will fail when that person dies before carrying out the trust. (Scott on Trusts, p. 2779.) However, when the primary purpose of the testator is to devote the fund to charity and the method of allocation is merely secondary in consideration and subordinate in purpose, the testator’s principal purpose will be effectuated. Even if the trust cannot be administered in the precise way commanded by the testator, it can be executed cy pres (Scott on Trusts, pp. 278A-2785, 2824; Restatement, Trusts, § 397).
*443 There would be no reasonable basis for a charge of a purely personal grant of discretion except for the words “ of which he has knowledge ”. These words refer to the testator’s ‘‘ ideals and principles * * * concerning gifts and donations for educational and charitable purposes ”. The residuary beneficiaries argue that there was only one person who could reveal the ideals and principles which are to guide the trustee, and since that one person had died without selecting the beneficiaries, no one is now capable of executing the trust. There is nothing in the will which would indicate that the testator had a plan so obscure. There is nothing to indicate that the testator had in any manner revealed to Dr. Gregory views which he withheld from others. There is nothing to justify the assumption that the testator had a hidden purpose that was not truly charitable. Institutions which are truly devoted to works of charity or education, in the pure sense of each term, cannot fail to be in conformity with high ideals and principles. It is the opinion of the court that the directions of the testator to his trustee were intended to emphasize institutions with lofty ideals and high principles and to express as well his confidence in the judgment of the trustee in selecting such beneficiaries.
The court construes paragraph seventh as revealing a primary and predominant intention to devote the fund to charitable and educational uses. Undoubtedly the testator expected that his trustee would look at the background of the testator’s life and his actions, the pattern of charitable giving in the will and his benefactions during his lifetime. The record is there for all to read. But in the end, he left it to the ‘ ‘ uncontrolled discretion ’ ’ of the trustee, and placed only the restriction that the uses be charitable and educational. That was his dominant thought. The testator has not manifested the intention that execution by the named trustee is the essential part of his plan and the court will not strain to read such an implication into his will.
The court holds that paragraph seventh makes a valid charitable gift. On the settlement of the decree it will receive from the parties a suggested plan for distribution of the fund to educational and charitable uses.
In respect of the legacy of $1,000 under paragraph tenth of article eighth, the parties are agreed that the cemetery intended to be designated is the one maintained by Maimonides Benevolent Society, Inc., and that the sum should be delivered to that corporation on condition that it will be invested and the income therefrom will be applied toward the care and maintenance of the designated plot and mausoleum. It is agreed by the parties *444 that the fact that the interest will he insufficient to provide full perpetual care of the plot and mausoleum, should not prevent the use of the interest insofar as it will go toward the care of the burial place. However, no agreement has as yet been made with the corporation for such use of the funds. The court is in accord with the construction of the will proposed by the parties and will approve the delivery of the fund if the corporation shall approve the condition.
After the special guardian has filed his report and after determination of any issues raised therein, a decree may be submitted on notice construing the will and settling the account accordingly.