Joseph A. Cox, S.
This application is brought for construction of the fifth paragraph of the decedent’s will which reads as follows: “ fifth. All the rest, residue and remainder of my estate of whatsoever kind and nature and wheresoever situate, I give and bequeath unto my executrix hereinafter named, requesting her to distribute the same either in cash or in kind as she alone may deem advisable and proper for the benefit and general welfare of the patients at St. Albans Hospital, Long Island, New York, this being my express desire, as I believe it will accomplish great benefit to the War Veterans, for whom it is not my desire to create a special trust.”
The person who is named as executrix in the will was bequeathed a legacy of $1,000 by the fourth paragraph of that instrument. She claims that the quoted provision is an absolute gift of the residuary estate to her and the reference in that provision to patients of St. Albans Hospital imposes no legal obligation upon her with respect to the disposition of the residuary assets. The United States Attorney, on behalf of the United States Naval Hospital, and the New York Attorney-G-eneral, on behalf of charitable beneficiaries generally, oppose the position of the executrix and contend that the will confers no beneficial interest upon her.
It long has been established that a testamentary gift to a fiduciary eo nomine confers no individual benefit upon the fiduciary in the absence of a clear manifestation of such an intention in the will (Forster v. Winfield, 142 N. Y. 327; Christman v. Roesch, 132 App. Div. 22, affd. 198 N. Y. 538; 2 Davids, New York Law of Wills, § 774; Mater of Sutta, 54 N. Y. S. 2d 572, affd. 265 App. Div. 994; Matter of Lehmaier, 183 Misc. 592). In the Sutta and Lehmaier cases (supra), as well as in Matter of Brown (122 N. Y. S. 2d 640), the wills failed to state the ultimate purposes of the testators and instead referred to extra testamentary directions to the fiduciaries and, inasmuch as the fiduciaries acquired no beneficial interests as individuals, the courts were required to hold that the wills made no effective gifts for any purpose. Here the charitable purpose of the testatrix is stated in her will and the beneficiaries are identified. Situations similar to the present one existed in Matter of Murray (198 Misc. 45, 46), where the bequest was to executors * ‘ ‘ with the confidence that they will use the same for the purposes of assisting needy single Salvation Army officers ’ ”, and Matter of Martyn (99 N. Y. S. 2d 28, 30), where the gift was in terms to the executrices to be paid to ‘ ‘‘ such indigent persons or for such charitable purposes as they may deem advisable and proper ’ ”. The last-cited case is pertinent in other respects *950 inasmuch as there the will contained the expression (p. 30) “ ‘ it is not my desire to create a special trust ’ ”, the precise locution contained in the instant will, and there also the decedent had bequeathed a general legacy to an executrix.
It is held that the will of this testatrix provides an effective gift for charitable purposes and the executrix will be required to distribute the residuary estate for the benefit of the patients of the named hospital.
Submit decree on notice.