Maximilian Moss, S.
In this final accounting by successor trustee, the court is required to determine the manner of the disposition of the remainder of the residuary trust and to fix the fees of the trustee’s attorneys and allow them their disbursements.
The testator died May 18, 1890 leaving him surviving two ■children. By the terms of the “ Second ” article of his will, the ■testator’s two children were the life income beneficiaries of the trust created thereunder. Both of his children died in 1960 terminating the trust. The second subdivision of the said article directed his executors to divide the estate, subject to the trust, among Protestant and nonsectarian incorporated charitable institutions in Brooklyn capable by law of taking and whose general objects were administering to the poor. The third subdivision of said article directed the executors to designate the said charitable institutions upon the death of the first of testator’s *570 two children and the proportion of the estate that each shall take in writing.
The executors predeceased the life beneficiaries without designating such charitable beneficiaries, The successor trustee has similarly failed to make such designation although in its petition •recommends a disposition of the corpus in line with the wishes expressed by one of the testator’s children several years before her death.
The purposes of a charitable trust will not be aborted by the failure of executors or trustees to exercise the powers given to them to select the ultimate beneficiaries of the remainder of the trust. (Personal Property Law, § 12, subd. 1.) The discretion reposed in the executors was not such an essential part of the testamentary plan that the failure to exercise it should ■thwart the intended general charitable purpose (Matter of Michaels, 7 Misc 2d 439; Matter of Pattberg, 282 App. Div. 770, affd. 306 N. Y. 835). The court under its cy pres powers has accordingly adopted the recommendation of the petitioner approved by the Attorney-General. It directs that the remainder of the trust be paid to “ The Baptist Fresh Air Home Society ” for the use of the children of poor parents or orphans of the Borough of Brooklyn, regardless of race, creed or color.
The fees of the successor trustee’s attorneys are fixed and allowed in the sum of $750 and they are also allowed disbursements of $259.88,