John M. Keane, S.
Richard I. 0’'Connor died August 26, 1962. The executor named in his will, Msgr. John P. Phelan, died September 24, 1962. Decedent’s last will and testament was admitted to probate on May 31, 1963, and letters of administration, c. t. a. were issued to the petitioners herein subject to certain restrictions that will be mentioned later.
After making a few nominal bequests, the residuary clause of decedent’s will read as follows: “ fifth: All the rest, residue and remainder of my property, both real and personal and wheresoever situate,M give, devise and bequeath to my executor hereinafter named, in trust nevertheless for the following purposes: I direct that my executor distribute the same among such reputable Roman Catholic Charities and in such proportions as in the full discretion of my executor hereinafter named may seem wise, just and proper. These sums are to be given in my memory and that of my wife, Mae O’Connor.”
Since Msgr. Phelan died so soon after the decedent, he did not qualify as executor and therefore could not make the disposition authorized by the will of the decedent. The letters of administration, c. t. a. issued to the petitioners restrained them from paying over to themselves as trustees or from paying over to any reputable Roman Catholic charities any part or the whole of the residuary estate until the further order of this court.
The petitioners now request that the court direct distribution of the assets remaining in their hands.
No one has appeared herein objecting to the validity of this bequest. This court finds that the bequest is clearly a gift in trust for religious and charitable purposes (Personal Property *1035 Law, § 12). Pursuant to said section, the control and disposition of this bequest has now vested in this court.
A somewhat similar situation existed in Matter of Liebeck (9 Misc 2d 958 [1951]). There, the named executor predeceased the testator and was thus unable to carry out the wishes of the decedent. A review of the situation where there is a broad discretion as to the gift is found in Matter of Michaels (7 Misc 2d 439 [1957]). A general discussion of the problem of such bequests will be found in Matter of Durbrow (245 N. Y. 469 [1927]).
In an effort to obtain information concerning any possible ideas of Msgr. John P. Phelan about the disposition of these funds, the court examined the Rev. John Mulranen and the Rev. Peter Owens, who were assistants to Msgr. Phelan during his pastorate at St. Catherine’s Church at the time of the death of the decedent herein. The testimony of Rev. Mulranen and Rev. Owens indicated that, in the period between the death of the decedent herein and that of Msgr. Phelan, conversations were had among the priests concerning the disposition of these funds.
The testimony indicated that Msgr. Phelan believed it would best serve the memory of the decedent and his wife if the funds were used in St. Catherine’s parish, of which the decedent and his wife had been members. Prior to his death, Msgr. Phelan had not indicated the exact use that he had in mind for the money except that it would be used in St. Catherine’s parish.
Testimony was received from the Rev. George E. Arseneau, the present pastor of St. Catherine’s Church, concerning a suitable use of these funds. In view of the liturgical changes which have been made in recent months in the Roman Catholic Church, Rev. Arseneau testified that the most suitable use would be for the purchase of a new liturgical canopy which would be used when a new liturgical altar was erected in the renovation of the sanctuary at St. Catherine’s Church.
Upon the submission of a certified copy of a resolution by St. Catherine’s Church to the effect that the funds received from the estate of this decedent will be used toward the purchase of a new liturgical canopy, a decree will be made directing the administrators, c. t. a. to turn over the funds to the Rev. George E. Arseneau, as pastor of St. Catherine’s Church, Hillcrest, New York. Although the decree need not contain the direction that the canopy be designated a memorial to the decedent and his wife, the court believes it appropriate if the suggestion of the Rev. Arseneau, made in his testimony, be adopted to the effect that a plaque be attached to this gift, showing decedent’s generosity to his church.