OPINION OF THE COURT
Dennis F. Bender, J.
The defendant stands indicted under indictment No. 13-038 for unlawfully concealing a will (Penal Law § 190.30), perjury in the second degree (Penal Law § 210.10), making an apparently sworn false statement in the first degree (Penal Law § 210.40), and offering a false instrument for filing in the second degree (Penal Law § 175.30).
This decision and order relates to the application for review of the grand jury minutes and subsequent dismissal of the indictment for, among other things, legal insufficiency of the evidence. It also addresses the application of the People to consolidate this indictment with indictment No. 12-129.
Legal Sufficiency — First Count
The first count of the indictment alleges that “on or about December 24, 2008, in the County of Seneca, and State of New York, the defendant . . . with intent to defraud, concealed, secreted or suppressed a will, codicil or other testamentary instrument, dated November 20, 2008.” The document in question was executed by the defendant’s son Levi Karlsen. By way of a bill of particulars, the People clarified that their contention is that the document is a “will or other testamentary instrument.” (People’s bill of particulars ¶ 3.)
The Meaning of the Word “Will”
The defendant argues that the document tendered by the government is not a valid will under the specific statutory requirements of the EPTL, and the evidence is accordingly legally insufficient. Facially from the document, as well as from the testimony presented at the grand jury proceeding regarding execution of it, the document was invalid and incapable of being probated. (EPTL 3-2.1 [a] [3], [4].)
In response, the prosecutor first argues that Penal Law § 190.30 does not require that the instrument in question nec *342 essarily be a valid will, nor apparently that it must even be facially so. I am not persuaded. Although the statute does not state the will must be valid, it does not automatically follow that the statute applies to any document which merely purports to be a will. So what does the word “will” mean?
While no definition of the word is found in the Penal Law, EPTL 1-2.19 (a) states a “will” to be “[a] written instrument, made as prescribed by 3-2.1 or 3-2.2 to take effect upon death.” (Emphasis added.) The SCPA defines it as “[a] last will, including all the codicils thereto.” (SCPA 103 [52].) I am mindful of the caution urged by the Court of Appeals about relying upon definitions of terms in other statutes absent legislative authority to do so. Such is because the “spirit and intent” of different statutes may materially differ. (People v Hernandez, 98 NY2d 175, 181 [2002], citing People v Powell, 54 NY2d 524, 529 [1981].) Here, the clear purpose of Penal Law § 190.30 is to penalize a person who thwarts a testamentary disposition with fraudulent intent. The administration of estates being an area of law governed by the EPTL and SCPA, it follows that since there is no definition for a “will” contained in Penal Law article 190, the EPTL and SCPA should control at least to the extent that the document must be shown to facially comport with law.[1] I further note that to be considered a “will,” the requirement that the written instrument must be capable of taking effect upon the author’s death is hardly a new concept. “Blackstone defined a ‘will’ to be ‘the legal declaration of a man’s intention to be performed after his death.’ ” (11-181 Warren’s Heaton, Surrogate’s Court Practice § 181.01 [1] [7th ed] [emphasis added].)[2]
To the extent I can determine, there is no New York State case law with a holding regarding Penal Law § 190.30 or Penal Law former § 2052, its predecessor, which section 190.30 substantially restates. Of the few cases which mention either statute, not one involves a criminal prosecution. The sole reference of utility is found in dicta. In Matter of Kirkholder (171 App Div 153 [4th Dept 1916]), the appellate court stated,
“If the testator did in fact make such later will and *343 [the named, executrix] had possession of it and had no reason to doubt its genuineness and legality, it was her duty to offer it for probate, as she was named in it as executrix. If she had concealed or destroyed it with intent to prevent its probate, she would have been guilty of a felony if it was a genuine will of testator. (Penal Law, § 2052, as added by Laws of 1910, chap. 357.)” (Id. at 155 [emphasis added].)
The Meaning of the Term “Testamentary Instrument”
The prosecutor also argues that the crime alleged in the first count also covers “testamentary instruments,” which he asserts have a broader meaning than does the term “will.” Not only is no statutory definition of “testamentary instrument” found in the Penal Law, none is found anywhere else in the New York State statutes. Reference is made by the People, rather, to the definition contained in Black’s Law Dictionary which states a testamentary instrument to be “[a]n instrument in the nature of a will; an unprobated will; a paper writing which is of the character of a will, though not formally such, and, if allowed as a testament, will have the effect of a will upon the devolution and distribution of property.” (Black’s Law Dictionary 1475 [6th ed 1990], testamentary paper or instrument.) For authority, that definition cites the State of Washington case of Young v O’Donnell (129 Wash 219, 224 P 682 [1924]).
The People’s conclusion is acceptable to the extent that it states a “testamentary instrument” is a broader term than is the word “will.” It includes most commonly, for example, testamentary trusts. No New York case I have found, nor the People’s citation, nor the case of Young v O’Donnell, upon which that citation is founded suggests however, that a facially invalid will or other instrument constitutes a “testamentary instrument.”
“The essential characteristic of an instrument testamentary in its nature is that it operates only upon and by reason of the death of the maker. . . . The death of the maker establishes for the first time the character of the instrument. It at once . . . acquires a fixed status and operates as a conveyance of title.” (Young v O’Donnell, at 224-225, at 684 [citations omitted].)
Obviously if the instrument does not accomplish the convey *344 anee, the “essential characteristic” is missing.[3] The distinction, rather, should be drawn between a “testamentary instrument” and one only of a “testamentary character.” Here, while the document Levi Karlsen executed comports with the latter — that is it shows “an intent by the maker to perform some testamentary function” — it nonetheless lacks the necessary formalities to be construed as a testamentary instrument under New York State law. (38 NY Jur 2d, Decedents’ Estates § 260, Testamentary character of instrument at 361, citing McCarthy v Pieret, 281 NY 407 [1939]; see also Estate of Paulson v Cummings, 2004 WL 5137756 [Idaho Dist Ct, 4th Jud Dist, Feb. 11, 2004, No. CVOC 01-04926D]; Bailey v Kerns, 246 Va 158, 432 SE2d 312 [1993].)
For the foregoing reasons this court holds that for purposes of Penal Law § 190.30, a facially invalid instrument is not a “will” or other “testamentary instrument.”
Evidence of an “Intent to Defraud”
Regarding the first count, I also find that legally insufficient evidence was presented regarding the element of an intent to defraud. The purported will left all of the decedent’s assets to the defendant to “distribute as he wishes” to the decedent’s two daughters. Under the laws of intestacy, the decedent’s two children were entitled to his entire estate, and the two were in fact stated as the decedent’s sole distributees in the small estate affidavit the defendant filed with the Surrogate’s Court Clerk. (Grand jury exhibit No. 3.) The purported will further stated Levi Karlsen did not wish to remain on any life support, that he wanted his organs to be donated, and that his body be cremated and the ashes buried as his parents “see fit.” (Grand jury exhibit No. 2.) In regard to these matters, the grand jury presentation was totally silent.
The evidence presented offered no economic motive for the defendant to commit the alleged crime, and was devoid of anything to suggest a desire or attempt by the defendant to circumvent or avoid the noneconomic directions contained in the document. The evidence likewise offered nothing to suggest *345 any other noneconomic reason the defendant might wish to avoid the purported will coming to light. I am aware, and perhaps so too were the members of the grand jury, of the other outstanding indictment against the defendant in which he is accused of murdering Levi Karlsen.[4] Whatever might be deduced from that allegation, it remains that no evidence in that regard was a part of the presentation made regarding the within charges. Indeed, nothing at all was offered regarding the manner and circumstances of Levi Karlsen’s death.
It is axiomatic that a grand jury must base its decision solely upon the evidence presented to it, and that the court’s review for legal sufficiency is equally limited. While motive is not an element of the crime, here, the total lack of evidence of one renders the remaining evidence legally insufficient to conclude the existence of the requisite criminal intent to defraud.
The first count of the indictment is dismissed for legal insufficiency.
Legal Sufficiency — Second through Fourth Counts
The second through fourth counts of the indictment relate to a small estate affidavit (SE-2A) allegedly completed by the defendant, and subsequently filed with the Seneca County Surrogate’s Court Clerk. (People’s grand jury exhibit No. 3.) The bill of particulars sets forth that the gravamen of these three counts is that the defendant falsely represented “that Levi Karlsen died without a will.”[5] (People’s bill of particulars ¶ 3.) For the reasons stated regarding the first count, that statement is true and an element of each of the three remaining counts was thus not proven.
Impairment of the Proceedings
I further find that based upon the charge given to the grand jury, the second through fourth counts are subject to dismissal because the proceeding was defective within the meaning of CPL 210.35 (5).
A grand jury proceeding is defective, and any count may thus be dismissed, if the proceeding “fails to conform to the requirements of [CPL] article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.” (CPL 210.20 [1] [c]; 210.35 [5].)
*346 In this case the evidence showed the following: the defendant, a customer at the Five Star Bank, appeared at a branch of it with his son Levi Karlsen; the defendant asked an employee to notarize Levi’s signature; the document was produced by Levi who “opened [it] up ... it was folded over” (grand jury testimony at 16, lines 4-5); the defendant filed the small estate affidavit approximately a month after Levi Karlsen’s death; and the document was subsequently found at some time early 2013, in the defendant’s residence among other papers of Levi Karlsen.
As noted above, the evidence was devoid of any motive for the defendant to conceal the document. It was equally devoid of any motive for him to make what he believed was a false statement in the small estate affidavit.
Neither the quality nor the standard of proof before a grand jury is high. The paucity of proof here, however, was coupled with inadequate instructions which clearly led to a misunderstanding of the evidence the jury did hear. Specifically, the instructions given to the grand jury contained no statement that a purported will must be valid to sustain the counts charged. The instructions in fact included no definition at all of what is or is not a will. The inescapable conclusion is that the jury in fact thought the document was valid, and would have logically proceeded on the assumption the defendant did so as well when he filed the small estate affidavit with the Surrogate’s Court Clerk over a month after Levi Karlsen’s death.
Based upon the foregoing, I find that within the meaning of CPL 210.35 (5), the integrity of the proceeding was impaired and prejudice to the defendant may have resulted.
The indictment is dismissed in its entirety. The motion brought by the People to consolidate this indictment with indictment No. 12-129 and any other outstanding motions are denied as moot.

. Hypothetically it is possible for legally sufficient evidence to be presented to the grand jury to show a purported will complies with the statutory definition, but to subsequently be found invalid on extrinsic grounds such as lack of capacity or undue influence. Under such a circumstance, it would seem that a conviction for an attempt might nonetheless be possible.

. The reference is to Commentaries on the Laws of England by Sir William Blackstone, first published in the eighteenth century.

. It is also noted that a testamentary trust must be executed with the same formality as a will (106 NY Jur 2d, Trusts § 136; City Bank Farmers Trust Co. v Neary, 27 NYS2d 979 [Sup Ct, Westchester County 1940]). A letter that is not executed in accordance with statutory requirements is likewise ineffectual as a testamentary instrument. (38 NY Jur 2d, Decedent’s Estate § 419, Letter as Will; Matter of Hennig, 6 Misc 2d 156 [Sur Ct, NY County 1956].)

. It is the indictment for murder with which the People seek to consolidate the within indictment.

. The affidavit itself also sets forth that assertion. No mention of codicils or other testamentary instruments is contained within the affidavit.